# THE PITTSBURG BRIDGE COMPANY

*v.*

## JOHN WALKER.

*Opinion filed December 22, 1897.*

1. MASTER AND SERVANT—*effect where foreman is temporarily acting as co-laborer.* Where a servant is injured as the result of an act of the foreman involving the exercise of his authority, the fact that the foreman, at the time of the injury, is temporarily acting as a co-laborer with the injured servant does not relieve the master from liability upon the ground that the men were fellow-servants.

2. SAME—*when servant's injury is the result of foreman's exercise of authority.* Where servants are employed in transporting large pieces of iron framework, in which removal a "tag line" is required to steady the pieces, and the vice-principal orders the tag line dispensed with and attempts to steady the framework with his hands, but, being unable to do so, the framework falls and injures a servant, the fact that the vice-principal is temporarily working as a co-laborer does not make him a fellow-servant with the injured party, so as to relieve the master from liability.

3. NEGLIGENCE—*instruction stating what facts show absence of due care may be refused.* An instruction which holds that proof of certain facts therein specified must, as a matter of law, establish the fact that the plaintiff was not exercising ordinary care, may be refused.

4. SAME—*rule as to servant assuming risks of known dangers.* A servant assumes the risk of known dangers,—such as are so obvious that knowledge of their existence may fairly be presumed; but the law does not imply that he has notice of dangers not obvious to the senses and arising out of extraordinary circumstances.

5. FELLOW-SERVANTS—*whether the relation of fellow-servants exists is a question of fact.* Whether the relation of fellow-servants exists in a particular case is a question of fact, to be determined by the jury under instructions properly defining that relation, and is conclusively settled by the Appellate Court's judgment of affirmance.

*Pittsburg Bridge Co.* v. *Walker,* 70 Ill. App. 55, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. NATHANIEL C. SEARS, Judge, presiding.

JOHN A. POST, and JOHN B. BRADY, for appellant.

ARNOTT STUBBLEFIELD, and JAMES B. MCCRACKEN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the Superior Court in the sum of $3000, against the appellant company, in favor of the appellee, for damages sustained by him by reason of a personal injury received, as the declaration alleged, through the negligence of the appellant company.

At the close of all the testimony offered in the case the appellant company moved the court to exclude the evidence and direct the jury to return a verdict in its favor, and offered a written instruction to be given the jury to that effect. The court refused to grant the instruction, and this action of the court constitutes an alleged ground of error.

In ruling upon the motion the court orally expressed the view there was no evidence to support any of the counts in the declaration except the second, and counsel for appellant, accepting such remarks of the court as limiting the right of recovery to the second count, have abstracted that count only, and insist the question presented by the motion to direct a verdict in appellant's favor is whether the evidence is sufficient to support a verdict under that count.

The second count avers that appellee, as an employee of the appellant company, was engaged in removing heavy pieces of iron framework, intended to be used in constructing a bridge across the Chicago river, from the bank of the river to the place where such framework should be needed in the construction of the bridge; that in the process of the removal of such framework it was necessary to the safety of the employees that a "tag line" should be attached to the framework wherewith to steady and control the same while it was being hoisted by a block and tackle, and that one Farnsworth, who occupied the

position and discharged the duties of assistant superintendent of the appellant company, refused and neglected to attach such tag line, but undertook to hold and control the framework with his hands, and was unable to or did not do so, whereby the heavy iron framework swung around and struck and injured the appellee. The contention of counsel for appellant is, no proof was introduced tending to show that said Farnsworth was assistant superintendent in the construction of the bridge, and no proof that said Farnsworth refused or neglected to attach a tag line to the framework, or did or said anything about attaching said line. We are unable to agree with counsel in this contention. One Clark was foreman of the force of men with which appellee was connected in the work, but we find abundant testimony tending to show that Farnsworth was a representative of the company and clothed with authority superior to that of Clark. The appellee testified that one Lyons was general superintendent for the appellant company, and that Lyons directed him to obey all orders given by Farnsworth. It appeared from the testimony that in the execution of the particular work in the course of which appellee was injured, Farnsworth was present and exercised authority to direct the manner and course of its execution, and that Clark acquiesced in and recognized Farnsworth's right and power to direct and control the work. The trial court would not have been warranted in assuming to declare the evidence on this point insufficient to justify its submission, as a question of fact, to the jury. The testimony of appellee was to the effect Farnsworth refused to allow the tag line to be attached to the framework in question. It is true, other testimony tended to contradict the statement of the appellee. The conflict thus brought about was settled by the jury adversely to the appellant company. The judgment of the Appellate Court approving the finding of the jury is conclusive the conflict was properly determined.

Complaint is made by the appellant the court refused to give as asked instruction No. 4, as follows:

"The court instructs the jury that if they believe, from the evidence, that the accident to Walker was caused by the act of a foreman while performing the work of a general laborer, such as Walker was himself performing, and not while exercising or discharging the duties of a foreman but while co-operating with the plaintiff, then, as a matter of law, they should find the defendant not guilty." —But added to it the following: "Provided the jury believe, from the evidence, that the plaintiff did not receive any orders or directions from such foreman while performing such work of a general laborer," and gave the instruction as modified by the foregoing addition.

The argument in support of the principle sought to be announced by the instruction as asked is, that at the immediate time appellee received the injury complained of, Farnsworth was exercising the duties of a common laborer and at that exact moment was a fellow-servant with the appellee; that if appellee was injured, as he contends, because of the negligent failure or inability of Farnsworth to hold and control the swinging framework, the common master is not liable for such act of Farnsworth, whether it resulted from his negligence or lack of strength, for the reason it was the act of a fellow-servant. This view is too narrow. The evidence tended to show Farnsworth, in his position as vice-principal, ordered the use of the tag line dispensed with, and adopted as a substitute the plan of attempting to control the swaying framework by seizing it with his hands and holding it in proper position by his unaided strength, and that the primary cause of the injury received by the appellee was the exercise by Farnsworth of authority conferred upon him by the master to order, direct and control the operation of moving the framework from its position on the bank to the place where it was needed to be placed in the bridge, without using the tag line. If the appellant, through Farnsworth

as vice-principal, abandoned the use of a tag line,—a confessedly appropriate and safe device,—and adopted an improper and unsafe method of accomplishing such removal, and injury resulted to appellee in consequence thereof, under such circumstances as the master would be liable if Farnsworth had not personally participated in the execution of the plan, no reason is perceived why liability should be avoided upon the ground Farnsworth personally assisted in endeavoring to perform the work. In so assisting, Farnsworth voluntarily assumed temporarily to labor as a common workman, but he was not any the less the representative of the appellant company nor his position any the less one of superiority. An observation of this court in *Chicago and Alton Railroad Co.* v. *May*, 108 Ill. 288, is here pertinent. It was there said (p. 299): "The mere fact that the servant exercising such authority sometimes, or generally, labors with the others as a common hand, will not of itself exonerate the master from liability for the former's negligence in the exercise of his authority over the others. * * * When the negligent act complained of arises out of and is the direct result of the exercise of the authority conferred upon him by the master over his co-laborers, the master will be liable. In such case he is not the fellow-servant of those under his charge with respect to the exercise of such power, for no one but himself, in the case supposed, is clothed with authority to command the others." The instruction was properly modified by the court.

Instructions numbered 13, 14 and 16, asked by appellant and refused, were intended, counsel insist, to present the principles exempting a master from liability for an injury received by one of his servants at the hands of a fellow-servant, but in neither of them is the relation of fellow-servants properly defined. Furthermore, it is conceded the doctrine sought to be invoked is not involved unless Farnsworth, whose general duties were those of a governing servant or vice-principal, by reason of his par-

ticipation in the work as a common laborer became temporarily a fellow-servant of appellee,—a consideration ignored in each of these last numbered instructions.

Instructions numbered 12 and 15, also asked by the appellant company and refused, asked the court to declare to the jury, as matter of law, that failure on the part of appellee to exercise ordinary care should be regarded as established if certain facts specified in the instructions were proven. What constitutes ordinary care is a question of fact to be determined by the jury, and the court rightly declined to invade the province of the jury by assuming to declare to them that the particular facts in question were sufficient to charge the appellee with negligence.

Instruction No. 17, refused, assumes to state, as an abstract principle of law, that every employee is presumed to understand and assume the ordinary risks and hazards of the employment, but it is so framed as to be open to the construction the presumption includes every character of peril or danger that may possibly arise in the performance of the duty. An employee assumes the risks of known dangers, and such as are so obvious that knowledge of their existence is fairly to be presumed; but the law does not imply he has notice of dangers or perils not obvious to the senses, and arising solely out of extraordinary or exceptional circumstances. Wharton on Negligence, sec. 206.

Whether the relation of fellow-servant existed in the case at bar was a question of fact, to be determined by the jury under instructions properly defining that relation.

We find no error in the instructions of the court, and are concluded as to the questions of fact by the judgment of the Appellate Court.

The judgment is affirmed.    *Judgment affirmed.*