METROPOLITAN WEST SIDE ELEVATED RAILROAD CO.

*v.*

ALBERT SKOLA, Admr.

*Opinion filed December 18, 1899—Rehearing denied February 7, 1900.*

1. MASTER AND SERVANT—*effect where vice-principal acts in a double capacity.* The determination by a foreman of an electric railroad, in his capacity of vice-principal, to run certain cars in on the repair track after ordering a car repairer to work under a car on such track is the act of the master, and if his failure to notify the car repairer of his determination was negligence, then the fact that he acted as motoneer in running such cars would not relieve the master from liability, under the doctrine of fellow-servants.

2. INSTRUCTIONS—*mere repetitions of given instructions may be refused.* It is proper to refuse instructions the substance of which is embodied in other given instructions.

3. SAME—*an instruction denying right of recovery must not omit essential element.* An instruction, in an action for the death of a car repairer, which bars the administrator's right of recovery if the motorman in charge of cars running in on the repair track could not, in the exercise of ordinary care, have stopped them before they struck the car under which deceased was at work, is properly refused, where it ignores the question whether the cars should have been sent upon the track at all without warning to deceased.

4. SAME—*when refusal to give proper instructions is not ground for reversal.* The refusal of proper instructions as to the duty of the jury in arriving at a verdict will not work reversal where the evidence clearly warrants the verdict returned and the numerous given instructions fully state the proper rules for jury's guidance. .

*Metropolitan El. R. R. Co.* v. *Skola,* 83 Ill. App. 659, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

JOHN A. POST, and O. W. DYNES, for plaintiff in error.

B. F. RICHOLSON, R. FRANKENSTEIN, and C. STUART BEATTIE, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The defendant in error administrator, in an action on the case under the statute, recovered a judgment in the superior court of Cook county in the sum of $1800 against the plaintiff in error for damages sustained by reason of the death of his intestate through alleged actionable negligence on the part of the servants of plaintiff in error. This is a writ of error to bring into review a judgment of the Appellate Court affirming that of the superior court.

The refusal of the superior court to direct a verdict for the plaintiff in error is the first assigned error.

The plaintiff in error operated an elevated electric railway in the city of Chicago. It maintained a track on which cars which needed to be repaired, cleaned or inspected were temporarily stored while such work was being performed. The work of cleaning, repairing and inspecting the cars was performed by a force of workmen under the control of a foreman, one Fred McCrumb. Joseph Triska, the intestate of the defendant in error administrator, was employed as one of the force, and, together with one Frank Pitman, served as inspector

of the brake-rods, air-pumps and valves of the cars. Other members of the force were engaged in the work of repairing and still others in cleaning the cars, but all worked together and sometimes interchanging in their duties. The cars were brought to this cleaning, repairing and inspecting track from the main track by one George Barron, but it seems the foreman, McCrumb, would at times bring down the cars instead of Barron. On the occasion in question, McCrumb, the foreman, directed the deceased and another workman of the force to go underneath the cars and wipe the motors. In obedience to such orders the deceased went underneath car No. 704 and engaged in the work of cleaning the motor of that car. While so engaged, McCrumb, the foreman, went east to a point on the main track where there were cars that needed to be cleaned, repaired and inspected, and proceeded to put them in motion to bring them down to the track on which stood the car under which the deceased was working. McCrumb acted as motorman, and his testimony is to the effect he exercised ordinary care in endeavoring to control them. The cars, however, moved at a high rate of speed in upon the cleaning, inspecting and repairing track and collided with great force and violence with car No. 704, under which the deceased was working, and drove the wheels of the car upon and over the body of the deceased and fatally injured him.

The right to recover was based upon two alleged grounds of negligence: First, that the cars were negligently and recklessly driven and propelled by McCrumb; and second, that no warning or notice was given of the approach of the car.

The theory upon which counsel for the plaintiff in error insist the court should have directed a verdict in its favor is, that it appeared from undisputed facts that McCrumb, though when acting in his capacity as foreman was a vice-principal of the common employer, was, when

engaged in bringing cars in upon the cleaning, inspecting and repairing track, but performing the duties of a common laborer and was then directly co-operating with the deceased in the particular business of the employer and in the same line of employment, and that McCrumb had frequently before brought cars in and upon the said cleaning and repairing track, and that his employment, while so engaged in so bringing the cars to the place where they were to be inspected, cleaned and repaired, and the duties of the deceased as an inspector, cleaner and repairer of such cars, brought them into habitual association so they could and should have exercised a mutual influence upon each other promotive of proper caution. The contention, therefore, is, the court should have declared, as matter of law arising out of undisputed facts, that the relation of fellow-servant existed between the deceased and said McCrumb, and that the doctrine of *respondeat superior* did not apply. But the question as to what cars should be brought from the main track in and upon this cleaning, inspecting and repairing track, and when such cars should be so brought in and where cars so coming in should be placed thereon, was to be determined by McCrumb in the exercise of the duties devolving upon him in his capacity as vice-principal. Whether if, after he had directed the deceased to engage in work beneath a car standing on the cleaning, inspecting and repairing track, ordinary care and due regard for the safety of the deceased required that the foreman, before putting into execution his determination to move other cars upon the same track, should have in some way notified or warned the deceased of what he, as foreman, had determined and was about to do, was a question of fact for the jury. If it was negligence to cause cars to be put in motion on the track where other cars stood under which workmen were engaged in their duties, without first warning the workmen who would be endangered by such course, then the negligence was that of the master,

acting through the foreman as the representative of the master. *Pittsburg Bridge Co.* v. *Walker*, 170 Ill. 550.

Objections urged against the action of the court in ruling on the instructions to the jury were well considered by the Appellate Court, and the following excerpt from the opinion of that court, delivered by Mr. Justice SEARS, is adopted as the opinion of this court, viz.:

"The first of the refused instructions told the jury, in effect, that if McCrumb could not, in the exercise of ordinary care, stop the motor car in time to avoid the injury, then the plaintiff could not recover. It was properly refused, for it ignored the question of whether, in the exercise of ordinary care, the train should have been sent upon the track at all without warning to Triska.

"The refusal to give the second was not error, for it was sufficiently covered by the nineteenth instruction given.

"The third refused instruction was substantially included in the twenty-second instruction given.

"The seventh was covered by two instructions given, viz., the fourteenth and the eighteenth.

"Each of the sixth and eighth refused instructions presents correct propositions, and such as should, at the request of either party, be given to the jury. We are of opinion that the trial court should in this case have given them as requested. In substance they inform the jury that they should not arrive at their verdict through considerations other than of the evidence and the law; that they should not allow prejudice or sympathy to influence their action in this behalf, and that they should not reach a verdict by chance. But while the court should, we think, have given these instructions, yet it does not follow that the refusal should work a reversal. For two reasons we are disposed to disregard the error in refusing to give those instructions: First, because we are of opinion that the evidence clearly warrants the verdict which was returned; and secondly, because of the number of other instructions submitted to the court and given.

Fifty-four instructions were tendered to the court, of which forty-five were instructions offered by the defendant, plaintiff in error here.  The court gave twenty-six of these instructions to the jury, seventeen of those given being instructions which were tendered by the plaintiff in error.  In the course of these twenty-six instructions the jury were very thoroughly informed as to just what should guide them in arriving at their verdict.  In the nineteenth instruction given they were directed to disregard any theory or argument as to anything not covered by the specific charges of the declaration, and that they should not consider any ground of recovery other than the specific charges of the declaration.  We are of opinion that in view of all these instructions which were given it may be safely concluded that no prejudice to plaintiff in error resulted from the refusal to give the two instructions indicated."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*