## THE WILLIAM GRAVER TANK WORKS

*v.*

## PATRICK H. O'DONNELL, Admr.

*Opinion filed June 19, 1901.*

1. TRIAL—*case should go to jury if evidence warrants different conclusions.* In an action for negligence, if reasonable minds might reach different conclusions from the evidence introduced, together with all justifiable inferences to be drawn therefrom, the court should not take the case from the jury.

2. MASTER AND SERVANT—*servant not required to disobey foreman unless danger is imminent.* A servant ordered by his foreman to work in a dangerous place is not required by law to disobey him, nor by obeying to assume the risk of obedience, unless the danger is so imminent that a man of ordinary prudence would not incur the risk.

3. SAME—*whether an ordinary man would not have incurred risk is a question of fact.* Whether the danger to which the plaintiff's intestate was exposed was so imminent that a man of ordinary prudence would not have incurred it is a question of fact for the jury.

4. SAME—*what facts immaterial to right of recovery in action for negligence.* In an action for the death of a servant, caused by falling from a dangerous scaffold where he was ordered by his foreman to go and assist in keeping the upper sections of a heavy iron pipe from turning while the lower one was being unscrewed, it is immaterial to the right of recovery whether the servant lost his balance and fell from his perilous position or whether he was twisted off the scaffold by the efforts of the other men to unscrew the pipe.

5. SAME—*rule where foreman is acting temporarily as a co-laborer with injured servant.* If a servant is injured as the result of an act of the foreman involving the exercise of his authority, the fact that the foreman, at the time of the injury, is temporarily acting as co-laborer with the injured servant does not relieve the master from liability upon the ground that they were fellow-servants.

*Graver Tank Works v. O'Donnell,* 91 Ill. App. 524, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

A. B. MELVILLE, and F. J. CANTY, for appellant.

ELA, GROVER & GRAVES, and WING & CHADBOURNE, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action on the case, brought in the circuit court of Cook county by the appellee, as administrator of the estate of Isaac D. Alyea, deceased, to recover damages for negligently causing the death of his said intestate. A trial resulted in a verdict in favor of appellee for $5000, upon which verdict, after overruling a motion for a new trial, the court rendered judgment, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

The appellant, at the close of appellee's evidence and again at the close of all the evidence, moved the court to withdraw the evidence from the jury and to instruct them to find for the appellant, which the court declined to do, and which action of the court in that regard was excepted to by the appellant and is relied upon mainly as a ground for reversal in this court.

There was little conflict in the testimony. On September 9, 1896, Isaac D. Alyea, who was an employee of the appellant, was injured by falling from a scaffold used in the erection by appellant of a steel grain elevator in the city of Chicago, from the effect of which he died on the following day. Said elevator was fifty feet high and thirty feet in diameter, and was constructed of steel sheets ten feet long and five feet wide, riveted together, the floor and roof thereof being of the same material. After the bottom was placed in position, pieces of said steel plate were placed thereon and riveted to it and end to end, until they formed a circular wall five feet high. A scaffold, both on the inside and the outside of the tank, was then erected in order that the next section of five feet might be riveted onto the first section. Such scaffold was carried up on the inside and the outside of the

tank until the top was reached, when the tank was roofed over. In order to do this, appellant's employees, including Alyea, screwed together three sections of six-inch iron pipe and set the pole thus formed in the center of the tank. On top of this they put a steel collar, upon which rested one end of certain iron beams, the other end being supported by the circular scaffold on the inside of the tank. On these beams planks were laid, and on the planks the workmen stood while putting on the iron rafters on which the roof plates were placed. A man by the name of Platt had charge of building the scaffolds. Alyea was a carpenter and worked on the inside scaffold. When the roof was completed the workmen commenced to take down the scaffolding. First they removed the top from the center scaffold, then the side beams, then cut the stay wires and moved the pipe over to one side, against the scaffold, just as it was when they had finished screwing it together and before they had moved it to the center of the tank. They then attempted to unscrew the bottom length of the pipe preparatory to taking it down. There were present at that time, Holub, Alyea, Streed, Flanagan, Platt and Wedgewood, and a man by the name of Lee, who was general foreman of appellant in the tank construction work. Flanagan and Platt were at the top of the inside scaffold, holding the pipe. Alyea and Streed were on the same scaffold, about eighteen feet from the floor, holding the pipe, Alyea with tongs and Streed with a rope around the middle section, while Lee, Holub and Wedgewood, holding the pipe at the bottom with tongs, attempted to unscrew the bottom section thereof, when Alyea either fell or was twisted off from the scaffold. At the time Alyea was directed to go up on the scaffold with the tongs to hold the pipe he said to Lee, "There is only one plank there," to which Lee replied, "Go up there; damn it! get up there," when he immediately went up onto the scaffold and took hold of the pipe with the tongs.

The law is well settled that where there is evidence tending to establish a cause of action it is not error to refuse a peremptory instruction to find for the defendant; (*National Syrup Co.* v. *Carlson*, 155 Ill. 210; *Illinois Steel Co.* v. *Schymanowski*, 162 id. 447;) and where reasonable minds might reach different conclusions from the evidence offered, together with all justifiable inferences to be drawn therefrom, the court should not take the case from the jury. (*Offutt* v. *World's Columbian Exposition*, 175 Ill. 472.) Alyea, in a peremptory manner, was ordered by his foreman to take a pair of tongs, weighing from forty to fifty pounds, and go up onto a scaffold eighteen feet above the floor of said elevator, and stand upon a board one foot wide and assist in holding the upper sections of said iron pipe from turning while the lower section was being unscrewed by the combined strength of three men. At the time of the accident he was acting under the specific directions of his foreman, and he was not required by law to disobey him, or by obeying assume the hazard of obedience, unless the danger to which he was so exposed was so imminent that a man of ordinary prudence would not have incurred such risk. In *Offutt* v. *World's Columbian Exposition, supra,* on page 479 it is said: "The rule is, that where the servant is injured while obeying the orders of his master to perform work in a dangerous manner the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it." In *Illinois Steel Co.* v. *Schymanowski, supra,* we say (p. 456): "Where a corporation authorizes one of its employees to have the control over a particular class of workmen in any branch of its business, such employee is, *quoad hoc,* the direct representative of the company. The commands which he gives within the scope of his authority are the commands of the company itself, and if such commands are not unreasonable those under his charge are bound to obey, at the peril of losing their situations. Hence the company will be held responsible for the consequences."

The question whether the place into which Alyea was ordered by his foreman was attended with such imminent danger that no man of ordinary prudence, having knowledge of the situation which he had, would have incurred the same by going upon such scaffold, was one of fact for the jury. *Pittsburg Bridge Co.* v. *Walker,* 170 Ill. 550; *Offutt* v. *World's Columbian Exposition, supra.*

We are unable to say, as a matter of law, that the evidence, with all the inferences which the jury might justifiably draw therefrom, does not tend to establish a cause of action, and are of the opinion the court did not err in refusing to take the case from the jury.

The court, at the request of appellant, submitted to the jury the following special finding:

Q. "Was Alyea, the deceased, twisted off of the plank upon which he stood, by Lee and Holub, while they both had hold of the tongs trying to unloosen or unscrew the joints?—A. We don't know."

It is insisted by appellant said special finding is inconsistent with the general verdict, and that the court should have rendered judgment on said finding in favor of the appellant. We do not agree with such contention. The actionable negligence of appellant was the sending of Alyea into an unsafe and dangerous place in which to perform the labor in which he was engaged, and it was wholly immaterial whether he lost his balance and fell from the perilous position in which he stood, or was twisted or thrown therefrom by the force exerted upon the pipe by the workmen below in their endeavors to unscrew the same.

Neither do we agree with the contention that had the jury answered the interrogatory in the affirmative it would have shown that Alyea, Lee and Holub were fellow-servants, which would have defeated a recovery. As the doctrine is well settled in this State that where a servant is injured as the result of an act of the foreman involving the exercise of his authority, the fact that the

foreman, at the time of the injury, is temporarily acting as co-laborer with the injured servant does not relieve the master from liability upon the ground that they were servants of one common master.    *Chicago and Alton Railroad Co.* v. *May,* 108 Ill. 288; *Pittsburg Bridge Co.* v. *Walker, supra; Offutt* v. *World's Columbian Exposition, supra; Metropolitan West Side Elevated Railroad Co.* v. *Skola,* 183 id. 454.

We find no reversible error in this record. The judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*