Consolidated Coal Co. of St. Louis v. Fleischbein.

---

Consolidated Coal Co. of St. Louis v. Charles P. Fleischbein, Adm'r.

1. MASTER AND SERVANT—*Whether Relation of Fellow-Servant Exists Must be Determined from the Circumstances of Each Case.*—The mere fact that one of a number of servants who are in the habit of working in the same line of employment, for a common master, has power to control the actions of the others with respect to such employment, does not of itself, render the master liable for the negligence of the governing servant resulting in injury to one of the others, without regard to other circumstances. On the other hand, the mere fact that the

510. Appellate Courts of Illinois.

Vol. 109.] Consolidated Coal Co. of St. Louis v. Fleischbein.

servant exercising such authority sometimes, or generally, labors with the others as a common hand, will not of itself, exonerate the master from liability for the former's negligence in the exercise of his authority over the others. Every case in this respect must depend upon its own circumstances.

2. SAME— *Whether Two Persons Are Fellow-Servants is a Question of Fact for the Jury.*—Whether two persons are fellow-servants under the circumstances detailed by the evidence is a question of fact for the jury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

WISE & McNULTY, and R. A. HOLLAND, JR., attorneys for appellant.

M. W. BORDERS, attorney for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

The amended declaration in this case contains four counts, to which the general issue of not guilty was pleaded.

The trial court by instruction withdrew from the jury consideration of the third and fourth counts. The first and second are substantially the same, and charge the appellant with negligence in the act of its manager or foreman in permitting a loaded coal box or car to be and to remain on the tramway or track in appellant's coal mine, whereby a collision occurred with certain other cars driven by appellee's intestate, causing his death. Through an entry leading from the bottom of the shaft to the working rooms, a distance of 1,100 feet, was a track or tramway over which ran the cars used in moving the coal taken from the mine. Near the working rooms is a switch, called a "parting," connecting the room tracks with the main or entry track. Mules were used in moving the cars. Robert Bowen, the deceased, was an entry driver whose duty it was to haul the cars between the switch and the bottom of the shaft. The room drivers brought the loaded cars from the rooms to the switch. Peter Zink was pit boss and mine manager. Proof is made that on the day of the injury Zink, the manager, came to the switch where the trains or loads were

made up for conveyance to the bottom of the shaft, complained that the coal was not moving fast enough, hitched a mule to a load of four cars and started down the entry for the shaft. From the switch there is a sharp decline in the entry track for a distance of seventy-five or one hundred feet, and in going down it is necessary to sprag the wheels in order to control the speed of the cars. Near the foot, and beyond this steeper grade, the track is depressed or sunken three or four inches. This is called the "swag." When Zink with his load reached the "swag" and had removed the sprags, as the evidence tends to prove, he called out, " All right, come ahead," and moved on. Bowen, who was waiting at the switch, immediately started with his load and at the "swag" collided with a car left there by Zink and received the injuries from which he died. There is controversy of evidence upon material facts in this statement. In appellant's first and chief contention the court is asked to hold, as a matter of law, that Zink, the manager, and Bowen, the deceased, were fellow-servants at the time of the injury, and that the evidence brings this case within the doctrine which bars recovery for the negligence of a fellow-servant.

In argument the case of C. & A. R. R. Co. v. May, 108 Ill. 288, is cited by both parties in support of their respective contentions as to the application of the law under the evidence in the record before us. As the rule and limitation of liability under similar circumstances is there clearly expressed, we quote it here:

" The mere fact that one of a number of servants who are in the habit of working together in the same line of employment, for a common master, has power to control and direct the actions of the others with respect to such employment, will not, of itself, render the master liable for the negligence of the governing servant resulting in an injury to one of the others, without regard to other circumstances. On the other hand, the mere fact that the servant exercising such authority, sometimes, or generally, labors with the others as a common hand, will not, of itself, exonerate the master from liability for the former's negligence in the exercise of his authority over the others. Every

case in this respect must depend upon its own circumstances."

Other and later cases in which the doctrine has been discussed and defined by the Supreme Court of this State are cited: Met. El. R. R. Co. v. Skola, 183 Ill. 454; Norton Bros. v. Nadebok, 190 Ill. 595.

Whether at the time of the injury, or prior thereto, when the order was given to come ahead, Zink was a fellow-servant of the deceased under the circumstances detailed by the evidence, was clearly a question for the jury. Pittsburg Bridge Co. v. Walker, 170 Ill. 550; Slack v. Harris, 200 Ill. 96.

There was no error prejudicial to appellant in the rulings of the trial court upon the evidence. All the instructions given were at the instance of appellant. There was a contrariety of evidence upon material facts and it was not error to refuse a peremptory instruction to find for defendant. The motion for a new trial was properly overruled.