URBAN E. KENNEDY, Appellee, *vs.* SWIFT & Co., Appellant.

*Opinion filed June 18, 1908.*

1. MASTER AND SERVANT—*when injury to servant is not within the rule relating to ordinary labor with simple tools.* An injury received by a servant in obeying the master's order to stand on a narrow plank twelve feet above the floor while he assisted other employees in lifting a heavy "block and fall" and holding it above their heads while it was being hooked to place is not within the rule relating to injuries received while doing ordinary labor with simple tools, and the question whether he should have declined to obey the order is for the jury.

2. SAME—*negligence of the master combined with negligence of fellow-servant creates a liability.* The rule relating to injuries received by a servant through the negligence of a fellow-servant does not relieve the master from liability for an injury occasioned by the combined negligence of the master and the fellow-servant.

3. EVIDENCE—*when evidence of customary way of doing work is admissible.* In an action by a servant injured while doing work in a particular way at the master's direction, evidence that it was the master's custom to do the work in another way is admissible, not for the purpose of showing such way was safer, but as bearing upon the question of assumed risk, as a servant assumes only the risks ordinarily incident to the master's business and to his known manner of having it performed.

4. Instructions—*when instruction may refer jury to effect of injury upon plaintiff's health.* An instruction authorizing the jury, in assessing damages, to consider the effect of the injury, if any, upon plaintiff's health is proper, where the injury to the plaintiff was severe, and where he was a strong, healthy man at the time of his injury but at the time of the trial, several months later, he was unable to perform manual labor.

5. Trial—*when amendment of the declaration after verdict is proper.* Allowing an amendment to be made to the declaration after verdict and pending the motion for new trial is proper where the amendment is made to conform to the proof, which has been introduced without objection.

Appeal, from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. Holder, Judge, presiding.

C. E. Pope, for appellant.

D. J. Sullivan, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This was an action on the case commenced by the appellee in the circuit court of St. Clair county to recover damages for a personal injury alleged to have been sustained by him while in the employ of the appellant. The jury returned a verdict in favor of the appellee for the sum of $3000, upon which the trial court rendered judgment in favor of the appellee for the sum of $2000 after having required a *remittitur* from the amount of the verdict of $1000, which judgment has been affirmed by the Appellate Court for the Fourth District, and a further appeal has been prosecuted to this court.

The declaration contained two counts. The first count charged that the appellee and other of its servants were ordered by appellant to perform certain labor in an unusual and dangerous manner; and the second, that the appellant

furnished the appellee and other of its servants a defective appliance and ordered them to perform the work in which they were engaged in a dangerous place. The general issue was filed.

At the close of the appellee's evidence, and again at the close of all the evidence, the appellant entered a motion for a directed verdict, and the action of the trial court in overruling said motion is the first ground of reversal discussed in the brief of appellant.

It is first contended that the court erred in denying the said motion on the ground that the appellee was engaged in performing ordinary labor in a place and with tools of simple construction with which he was familiar, and that he assumed the risk of being injured while performing the work in which he was engaged. We do not agree with this contention. The appellee was called from the work in which he was engaged and ordered by the foreman of appellant to stand upon a plank one foot wide and twelve feet long, situated some twelve feet above the floor, and in company with another of its employees to lift, with their hands, a block and fall weighing one hundred and seventy-five pounds, and to hold the same in position above their heads while it was being fastened by two of appellant's employees, with a rope, to the roof timbers of the building in which they were suspending said block and fall. The hook of the block and fall was defective, and by reason of such defect it easily released the rope held by the men upon the roof, and the plank upon which the appellee stood with his fellow-workman was so narrow that they were unable to easily retain their equilibrium while bearing the weight of said block and fall upon their hands and extended arms above their heads while said block and fall was being fastened by the men upon the roof, which resulted in the rope in the hook being released, and the appellee and his co-worker being unable to support the block and fall, it fell upon the plank upon which they were standing and broke the plank

in two, whereby they were precipitated to the floor and the appellee was severely injured. The appellee was not familiar with the condition of the hook, and had no time, after he was sent upon the plank, to examine the hook or the plank, and therefore we think he did not assume the risk incident to the service which he was directed by his foreman to perform in holding said block and fall in position with his hands, while standing upon said plank, until it could be fastened by the men upon the roof. This case, therefore, does not fall within the reason of the rule announced in the case of *Webster Manf. Co.* v. *Nisbett,* 205 Ill. 273, and kindred cases relied upon by appellant. The appellee, at the time of his injury, was not engaged in performing ordinary labor, but was at that time, under the direction of his foreman, engaged in a most hazardous and perilous undertaking, which rendered the appellant liable for his injury. (*Graver Tank Works* v. *O'Donnell,* 191 Ill. 236; *Springfield Boiler and Manf. Co.* v. *Parks,* 222 id. 355.) In *Illinois Steel Co.* v. *Schymanowski,* 162 Ill. 447, on page 456, this court said: "Where a corporation authorizes one of its employees to have the control over a particular class of workmen in any branch of its business, such employee is, *quoad hoc,* the direct representative of the company. The commands which he gives within the scope of his authority are the commands of the company itself, and if such commands are not unreasonable those under his charge are bound to obey at the peril of losing their situations, hence the company will be held responsible for the consequences." And in *Offutt* v. *World's Columbian Exposition,* 175 Ill. 472, on page 479, it was said: "The rule is, that where the servant is injured while obeying the orders of his master to perform work in a dangerous manner the master is liable, unless the danger is so imminent that a man of ordinary prudence would not incur it." The question whether the execution of the order of the foreman was attended with such danger that a man of ordinary prudence

234—39

(even though he knew of the danger which he encountered) would not have incurred such danger by going upon the plank and attempting to raise said block and fall with his hands was a question for the jury, and not one to be determined by the court as a question of law. *Pittsburg Bridge Co.* v. *Walker,* 170 Ill. 550; *Offutt* v. *World's Columbian Exposition, supra; Graver Tank Works* v. *O'Donnell, supra; Springfield Boiler and Manf. Co.* v. *Parks, supra.*

It is also urged that the appellee or his fellow-servants were guilty of such negligence in handling said block and fall as to defeat the right of recovery in appellee, as it is said either the block and fall was raised, or the rope lowered, sufficiently to let the hook, which formed a part of the block and fall, fall out of the loop of the rope by which it was suspended, and thereby the block and fall was released from the rope held by the men upon the roof, and the appellee and his fellow-workman, being unable to support the same, permitted it to fall upon the plank upon which the appellee and his fellow-workman were standing. The evidence fairly tended to show the opening in the hook was too large and that the plank upon which the appellee and his fellow-workman stood was too narrow, and that the block and fall fell by reason of the defect in the hook or the narrowness of the plank upon which they stood, or both, or by reason of the defects in said hook and plank and the negligence of the men upon the roof or the negligence of the appellee and his fellow-workman, and those questions were questions of fact to be submitted to and decided by the jury. The law is well settled that although the negligence of a fellow-servant of the appellee contributed to his injury, still, if such injury was caused, in part, by the negligence of the appellant, the appellee may recover, as the general rule is, where a servant is injured through the part negligence of the master and a fellow-servant the master cannot escape liability on the ground that the fellow-

servant also contributed to the injury. (*Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242; *Missouri Malleable Iron Co.* v. *Dillon,* 206 id. 145.) The questions of negligence and contributory negligence are usually questions of fact. *Chicago City Railway Co.* v. *Nelson,* 215 Ill. 436; *Chicago and Joliet Electric Railway Co.* v. *Wanic,* 230 id. 530.

The trial court did not err in declining to take the case from the jury.

It is also urged as grounds of reversal that the court permitted the appellee to introduce evidence tending to show that the usual way of raising a block and fall in the establishment of appellant was by using a block and tackle, and not by hand, as it is said the effect of such testimony was to convict appellant of negligence by showing that there was a safer method of raising said block and fall than that pursued at the time appellee was injured. It was proper to show the usual and customary manner of performing the work in which appellee was engaged when injured, not for the purpose of showing that there was a safer manner in which the work could have been done, but for the purpose of answering the contention of appellant upon the question of assumed risk, as appellee assumed only the risks ordinarily incident to the appellant's business and to the appellant's known manner of having it performed. Such proof was admitted in *Pittsburg Bridge Co.* v. *Walker, supra, Offutt* v. *World's Columbian Exposition, supra,* and *Illinois Central Railroad Co.* v. *Sporleder,* 199 Ill. 184. We do not think the admission of such evidence constituted reversible error.

Other objections are made to the rulings of the court upon the evidence, but we think they are without force.

It is also urged that the court misdirected the jury upon behalf of the appellee and refused to properly instruct the jury upon behalf of appellant. The court gave one instruction for appellee and twenty-one instructions upon behalf of the appellant and refused five instructions offered upon be-

half of appellant. The criticism made upon appellee's given instruction is, that the jury were authorized thereby to take into consideration, in assessing appellee's damages, the effect of the injury, if any, upon his health, and it is said there was no basis in the evidence for such instruction. One arm of the appellee was broken and the wrist of the other severely sprained and the tongue of the appellee bitten through. He was a strong, healthy man, under thirty years of age, at the time he was injured, and at the time of the trial, which occurred several months subsequent to his injury, as a result of the fall he was unable to perform manual labor. It is therefore apparent that there was evidence in the record upon which to base the said instruction. The appellant's given instructions stated the law as favorably to it as the law would justify, and the refused instructions were covered by the given instructions. There is therefore no ground for complaint on the part of the appellant as to the manner in which the court instructed the jury.

After verdict, and pending the motion for a new trial, appellee, by leave of court, amended the first count of the declaration by inserting therein an averment that the plank upon which he was directed by his foreman to stand was insufficient and dangerous. The statute authorizes amendments at any time before final judgment, and as the amendment was made to conform to the proof which had already gone in without objection, there was no error in permitting the amendment.

It is finally contended that the judgment is excessive. That question was finally settled by the judgment of the Appellate Court, and in the condition of this record it is not open for review in this court.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*