## William Krueger, Administrator, Appellee, v. Union Gas & Electric Company, Appellant.

1. MASTER AND SERVANT—*when negligence of fellow-servant no defense.* Where the negligence of the master is proven and his negligence is the proximate cause of the injury or death, then the fact that the negligence of a fellow-servant may have also contributed to the injury will not bar a recovery.

2. NEGLIGENCE—*when charges sufficiently established.* Where one charge of negligence is averred in one or more counts of the declaration and that charge is sustained by the evidence and justifies a verdict, it is immaterial whether other charges in the declaration have been maintained by the proof or not.

3. VERDICTS—*when not excessive.* *Held,* in an action for death caused by alleged wrongful act, that a verdict for $2,000, was not excessive where it appeared that the deceased at the time of his death was from 25 to 28 years old and left him surviving a father and mother to whose support he contributed.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding.    Heard in this court at the May term, 1911.    Affirmed. Opinion filed October 14, 1911.

Lillard & Williams, for appellant.

De Mange, Gillespie & De Mange, for appellee.

Mr. Presiding Justice Philbrick    delivered    the opinion of the court.

This is an action brought to recover for the death of plaintiff's intestate caused by an explosion at the plant of the defendant company in Bloomington, Illinois, occasioned by reason of gas escaping in an attempt to make a connection of two pipes in a building at the plant of the defendant company.    The charges of negligence in the declaration are that the defendant company negligently and carelessly employed and kept in its employ an incompetent and unreliable superintendent, and that by reason of the negligence of the superintendent in the method and manner of directing the conduct of the men who were engaged in making the connection, an explosion occurred and plaintiff's intestate lost his life; also that the defendant did not use reasonable care and caution in furnishing reasonably safe material and appliances to the plaintiff's intestate and servants engaged with him in the performance of the work which they were directed to do; also that by reason of defendant having an incompetent and unskillful superintendent in the management of its business the deceased and the servants engaged with him were ordered and directed to proceed with appliances and material which the defendant then and there knew, or by the exercise of reasonable care and caution should have known, were improper and unfit for use in the performance of the work required of them, and which defendant by its incompetent servant

assured plaintiff's intestate were sufficient etc.

The trial resulted in a verdict and judgment against defendant for $2,000, from which this appeal is prosecuted.

The grounds of reversal urged by defendant are that the verdict is contrary to the law and the evidence, that the court erred in refusing to exclude the evidence and direct a verdict for the defendant on motion of the defendant, that the negligence of a fellow servant was the proximate cause of the death of plaintiff's intestate, that the court erred in the admission and rejection of evidence and also in the giving and refusing of instructions, and that the damages are excessive.

The cause was tried upon four counts of the declaration designated as four additional counts. These counts all charge the defendant with being the owner and proprietor of a certain gas plant maintained for the purpose of furnishing gas for heating and lighting purposes in the city of Bloomington.

The first count charges that while the deceased was making a connection at the plant of the defendant under and by virtue of orders of servants of the defendant, not fellow servants of the deceased, and in the exercise of due care and caution for his own safety, gas escaped from the point where the connection was being made and that defendant carelessly permitted a test light with an open flame to be in a room in the said building then and there adjacent to the place where said connection was being made, by reason of which an explosion occurred and plaintiff's intestate was killed. The second count charges that while plaintiff's intestate was making a connection at the plant of the defendant company, the defendant negligently and carelessly furnished and provided plaintiff's intestate and the servants assisting him in making said connection with collapsible rubber bags to prevent the escape of gas and that said bags were not

of sufficient size or capacity and were insufficient to prevent the escape of gas; and that defendant knew, or by the exercise of due care and caution should have known, that they were not sufficient for the purpose for which they were used, and that defendant, so knowing that the bags were insufficient and incapable of preventing the escape of gas, by its servants, not fellow servants of plaintiff's intestate, assured deceased and other servants engaged with him that they were of sufficient size and could be safely used, and negligently and carelessly ordered and directed the use of such insufficient rubber bags; that by reason thereof gas escaped and an explosion occurred. The third count charges that defendant negligently and carelessly failed to reduce the pressure of gas in the pipes upon which the connection was so attempted to be made, so as to prevent an unreasonable escape thereof, and by reason thereof an explosion occurred and plaintiff's intestate was killed. The fourth count charges that plaintiff's intestate was in the exercise of due care and caution for his own safety in the regular line of his duty in assisting to make the connection ordered by defendant's servants, not then fellow servants of plaintiff's intestate, that defendant had employed and retained in its service an unskillful and incompetent person, investing him with authority to conduct its business and to command, order and direct plaintiff's intestate to perform work required of him and that by reason of the incompetency and unskillfulness and inability of the said servant to properly manage and direct the conduct of said business and direct the performance of the duties of plaintiff's intestate, large quantities of gas were permitted to escape and an explosion occurred whereby plaintiff's intestate was killed.

An examination of this record discloses that the defendant had in its employ as superintendent, in charge of its work and in full and complete authority over the

other employes of the defendant and over plaintiff's intestate, a person who had had no previous experience in the management and direction of a gas plant; that, previous to that time, he was a common laborer and blacksmith, that his general reputation as a competent and reliable man for the management and conduct of the business and control of the plant was bad, that under and by virtue of his directions the connection was attempted to be made in one of the buildings of defendant's plant known as the water gas building; that plaintiff's intestate and another servant named Wallman were directed to make the connection in this building; that in order to do so it was necessary to open and disconnect the pipes in which the water gas of defendant's plant was conducted; that upon the opening of these pipes and the removal of the caps it was necessary to prevent the escape of gas, and for this purpose rubber bags were required to be placed in the pipes and inflated; that for the proper performance of this work in preventing the escape of the gas it was requisite that plaintiff's intestate and the servants working with him should be furnished with bags known as ten-inch bags; that the superintendent of defendant's plant was called upon to furnish ten-inch bags for this purpose and that he informed the servants employed in the work that he did not have ten-inch bags and sent them to another building in the plant to see if the bags could be obtained; that none of that capacity were found and the servants were then ordered and directed by the superintendent to proceed to work with two eight-inch bags, and that said bags were inadequate and insufficient for this purpose, and that the superintendent of defendant was so informed, but notwithstanding the information he then informed plaintiff's intestate and Wallman, the servant working with him, that the eight-inch bags would have to do the work and for them to go ahead and use them; that an opening was made in the pipe and the eight-inch bags in-

serted; when inflated they did not prevent the flow of gas but permitted large quantities to escape; the servants undertook to stop the flow of gas by caulking the openings and that in order to do this it was necessary to have a tool known as a yarning tool, which Wallman supposed was among the tools brought by him for the performance of this work; that upon examination of the tools in the building where the connection had been opened, no yarning tool was found, and the servant Wallman went to the blacksmith shop for the purpose of securing a yarning tool, with which to do this caulking and stop the flow of gas; that when he returned to the building where the connection was being made, he found Veatch, the superintendent, and plaintiff's intestate in the building attempting to escape; that the escape of gas had been so great that they were overcome and were endeavoring to escape from the building; that when the door through which they were to pass was opened the explosion occurred and the plaintiff's intestate was killed.

It is insisted by defendant and the principal defense relied upon by it is that Wallman who was working with the deceased in attempting to make this connection was negligent in not having brought with him a yarning tool before commencing to disconnect the pipes for the purpose of doing the caulking, if the gas should escape, and that it was by reason of his negligence in failing to provide this tool that he was required to go to the blacksmith shop, three hundred feet distant, to secure it. The record discloses that if Wallman had had the tool there at that time he might have prevented the escape of gas. It also discloses that if a ten-inch bag had been furnished that it would have been unnecessary to use the caulking tool or to use any other means of preventing the escape of the gas.

Even if Wallman was a fellow servant of plaintiff's

intestate and if it was through his negligence that no yarning tool was provided for the purpose of caulking the openings if it should be necessary so to do, the fact that his negligence contributed to cause the explosion, will not bar plaintiff from a recovery if the defendant was guilty of failing to furnish proper and sufficient appliances and materials for the purpose of stopping the escape of gas, and the failure of the defendant to so furnish the proper appliances for this purpose was the proximate cause of the escaping gas which exploded and caused the death of the plaintiff's intestate.

It is a familiar rule of law that where the negligence of the defendant is proven and its negligence is the proximate cause of the injury or death, then the fact that the negligence of a fellow servant may have also contributed to the injury will not bar a recovery. Ry. Co. v. McLallen, 84 Ill. 109; Ry. Co. v. Powers, 74 Ill. 341; Yeates v. L. C. R. R. Co., 241 Ill. 205; C. U. T. Co. v. Sawusch, 218 Ill. 130; Kennedy v. Swift & Co., 234 Ill. 606.

Where one charge of negligence is averred in one or more counts of the declaration and that charge is sustained by the evidence and justifies a verdict, it is immaterial whether other charges in the declaration have been maintained by the proof or not, and upon this record the jury was fully warranted in finding the defendant guilty of negligence as charged in the second count of the declaration, and that that negligence was the proximate cause of the death of plaintiff's intestate.

It is insisted that the damages are excessive. The deceased left surviving him his father and mother, and there is evidence that he furnished them with sums of money during his lifetime and that at various times he had resided with them and contributed to the household expenses, and under the law of this state, the law presumes without proof that they have sus-

tained substantial damages; but it is insisted by the defendant that because the proof discloses that the deceased left surviving him two brothers as next of kin and that there is no proof that he had ever contributed anything to their financial welfare that they are not entitled to recover as lineal descendants and the damages are excessive.

Even without proof that the brothers suffered financial loss we are satisfied that the verdict for $2,000 for the death of a son from twenty-five to twenty-eight years old, leaving him surviving his father and mother, is not excessive, and the question as to whether or not the brothers have sustained pecuniary loss is not a question now involved in this controversy; it is only necessary to prove that the deceased left next of kin and that some of the next of kin have suffered pecuniary loss. The matter of the distribution of the amount of the recovery and to whom it shall be finally paid does not concern the defendant, that is a matter of distribution to be made by the administrator in the county court after the collection of the judgment.

Appellant insists that there is a variance between the proof and the allegations of negligence in the declaration and that this variance was pointed out in the trial below and by reason thereof there can be no recovery. The variance insisted upon consists in the fact that the allegations of the declaration are that the explosion was occasioned by reason of the ignition of the gas by a test light in the office of the defendant company in a room adjacent to the room wherein the connection was being made.

We do not consider that the question as to whether or not this explosion was occasioned by reason of that light or that the gas was ignited from some other cause is material; the gist of the cause of action is the failure of the defendant to furnish proper appliances, and in ordering and directing plaintiff's intestate to perform work with inadequate and insufficient appli-

ances, by the superintendent of the defendant company, after notice to him that such bags were insufficient, it is immaterial whether the gas after so escaping was ignited by this test light or by some other means; but we do not think the jury were unwarranted in finding that the explosion was occasioned by reason of the gas escaping into the room where the test light was.

The criticism of the plaintiff's first and second given instructions is not well taken. These instructions are not subject to the criticism made and there was no error in giving them to the jury.

The seventh refused instruction which it is insisted should have been given was properly refused as singling out certain portions of the testimony and particularly drawing the attention of the jury thereto.

The eighth refused instruction was properly refused as not being a correct statement of the rule governing fellow servants.

From what we have here said it is unnecessary to discuss the question of the action of the trial court in refusing to give a peremptory instruction as requested by the defendant.

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*