## John Reed, Appellee, v. Metropolitan West Side Elevated Railway Company, Appellant.

### Gen. No. 16,993.

1. MASTER AND SERVANT—*when negligence in directing dismantling of scaffold is for the jury.* While a painter was standing upon a ladder painting the bottom of a girder of an elevated railway structure, men who had been painting the sides were, at the direction of a foreman, dismantling a swinging scaffold that hung from the girder and lowering the planks to the street by ropes. The foreman on the ground could see the painter but was giving attention to passers-by and a plank or a swinging of the scaffold knocked the painter off the ladder. *Held*, whether the railway company through its foreman was guilty of negligence in directing the scaffold to be dismantled in close proximity to the painter, as he was situated, was a question for the jury.

2. MASTER AND SERVANT—*concurrent negligence of fellow-servant and vice principal.* Where a painter was standing upon a ladder painting the bottom of a girder of an elevated railway structure and fellow-servants were, at the direction of a foreman, dismantling a swinging scaffold hanging to the girder and lowering planks to the ground, and the swinging of the scaffold or a plank knocked the painter off the ladder, if the accident was occasioned by the negligence of the fellow-servant acting in co-operation with the negligence of the company through its foreman, the company is liable.

3. MASTER AND SERVANT—*when contributory negligence of servant is for jury.* Where a painter standing upon a ladder painting the bottom of a girder of an elevated railway structure was unable to observe the movements of men dismantling a swinging scaffold that hung from the girder and lowering planks to the ground at the direction of the foreman, and was struck by the swinging of the scaffold or by a plank, and he had no knowledge that the scaffold was to be dismantled, and the workmen were unable to see him upon the ladder, the question of whether he was guilty of contributory negligence was for the jury.

Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed January 29, 1913.

ADDISON L. GARDNER, for appellant; W. W. GURLEY, of counsel.

MILES J. DEVINE, for appellee; JOHN T. MURRAY, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

In this suit by appellee against appellant to recover damages for personal injuries, a trial by jury in the Superior Court resulted in a verdict and judgment against appellant for $3,000, to reverse which judgment this appeal is prosecuted.

On June 11, 1907, appellee, as one of a gang of six men, was, under the direction of appellant's foreman, Alfred Lamp, engaged in painting the longitudinal girders which formed a part of the elevated structure of appellant's railway, where the same crossed Ashland avenue in Chicago, and the same gang of men under the same foreman had been doing like work for appellant for about two months prior thereto. The entire work of painting the upright columns and the sides and bottoms of the girders was usually done at the same time by the several men employed in the gang. The sides of the girders being painted by men standing on a swinging scaffold and the bottoms of the girders and the upper portion of the upright columns by men standing upon V-shaped ladders resting upon the street pavement. Appellant's railroad crossed Ashland boulevard with four tracks, under each of which there were two girders 5 or 6 feet in depth, located almost directly beneath the track and rails, and about 6 feet apart. Prior to the day in question a swinging scaffolding had been constructed under the south four girders, the west side of the scaffolding being from 8 to 12 feet east of the west curb of Ashland boulevard. In the construction of the scaffold clamps were affixed to the flanges of the girders, to which clamps were fastened ropes to the end of which wooden stringers were affixed. The

stringers ran north and south and planks were laid thereon running from east to west, upon which the men stood while painting the sides of the girders. The bottoms of the girders were about 14 feet above the street and the scaffold planks were from 8 to 12 inches below the bottoms of the girders. On the morning in question appellee, while upon the scaffold painting the sides of the girders, was directed by the foreman to get off the scaffold and paint the bottoms of the girders from the ladder. Appellee then used the ladder, upon which he stood, so that, while standing erect, his shoulders were about on a level with the bottoms of the girders, and shifted the ladder from place to place upon the street as his work required. While thus standing upon the ladder, engaged in painting the bottom of the second girder from the south, working from east to west and looking southwest, he was struck in the back below the right shoulder by a plank or a swinging stringer of the scaffolding and knocked with his ladder to the ground and injured.

The declaration alleges three distinct grounds of recovery: First, that appellant, by its servants and agents, who were not fellow servants of appellee, then and there so negligently and carelessly managed, controlled and handled said scaffolding and the supports thereof, that the same swung around toward appellee    *    *    *    and struck him; second, that it was the duty of appellant to provide appellee with a safe place to work, but appellant neglected its said duty and while appellee was standing upon the ladder painting one of the girders, with his head above the lower surface of the girders and out of sight of the swinging scaffold, appellant began taking down the said swinging scaffolding without any notice to appellee, and in so doing then and there so negligently and carelessly managed and handled said scaffolding and supports thereof that the same swung and struck appellee; third, that appellant, by its foreman, so careless-

ly, negligently and improperly ordered and directed the removal of said swinging scaffolding and the supports thereof that the same swung and struck appellee.

The only ground urged for a reversal of the judgmen is the action of the trial court in refusing to give to the jury the peremptory instructions tendered by appellant at the close of the evidence for appellee and again at the close of all the evidence. This position is predicated upon the insistence, first, that no negligence on the part of appellant or its servants was shown; second, that if there was any such negligence shown it was that of fellow servants of appellee; third, that the undisputed evidence shows that appellee was guilty of contributory negligence.

It is clearly established by the evidence that while appellee was standing upon the ladder painting the bottom of the girder, the men who had been painting the sides of the girders, were at the direction of appellant's foreman, engaged in dismantling the scaffolding and lowering the planks upon the street below by means of ropes; that appellant's foreman, whose entire time was occupied in superintending the work, was standing upon the street beneath the girders directing the work of lowering the planks, so that no injury would result to those who might be upon the street; that immediately preceding the injury to appellee one of the men engaged in lowering the planks called to the foreman and asked if all was clear below; that as the foreman then saw an automobile and bicycle approaching from the north, he replied, "No;" that after the automobile and bicycle had passed the point of danger, the man upon the scaffold again inquired of the foreman if the way was clear, and the foreman replied, "Yes;" that thereupon the plank was lowered to the street. Whether appellee was struck by the plank as it was being lowered, or by the swinging of the scaffold, occasioned by the movements of the men engaged in dismantling it, was a

controverted question of fact properly submitted to the jury. There is evidence tending to show that appellee had no notice or knowledge that the scaffolding was to be dismantled; that from his position upon the ladder he was unable to observe the movements of the men upon the scaffold, and that the men upon the scaffold were unable to see appellee where he was then at work upon the ladder. The foreman testified that before directing the men upon the scaffold to dismantle it, he directed appellee to come down from the ladder, and that appellee did so. He further testified that he did not see appellee at work upon the ladder when the planks were being lowered. Appellee denied that he was directed by the foreman to come down from the ladder. In the face of the undisputed fact that at the time of his injury appellee was standing upon the ladder engaged in painting the bottom of the second girder from the south, the testimony of the foreman that, although he was standing upon the street below, he did not see appellee upon the ladder, is entitled to little credence.

Whether or not appellant, through its foreman, was guilty of negligence in directing the scaffold to be dismantled in close proximity to appellee, as he was then situated, was fairly a question of fact for the jury.

Conceding that the relation of fellow servants existed between appellee and the men upon the scaffold, if the injury to appellee was occasioned by the negligence of such fellow servants acting in co-operation with the negligence of appellant, through its foreman, appellant would be liable. Kennedy v. Swift & Co., 234 Ill. 606; Sturm v. Consolidated Coal Co., 155 Ill. App. 1.

The question of the contributory negligence, if any, of appellee was properly submitted to the jury.

The trial court did not err in refusing to direct a verdict for appellant, and the judgment is affirmed.

*Judgment affirmed.*