## John F. Higgins, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,018.

1. MASTER AND SERVANT—*ordering dangerous work.* Plaintiff was ordered to work in a gang loading old street car rails on a flat car, the rails being raised and heaved over three stakes beside the car. The top of the middle stake was over three inches higher than the end stakes, and the master had had notice of the fact, and a rail in consequence bounded back, crushing plaintiff's leg. A count alleged negligence in the danger from such high middle stake and in the foreman's order to throw the rails over such dangerous stake. *Held,* that the master may be liable as not using reasonable care in furnishing a reasonably safe place to work, and as the greater height of the middle stake was unusual, unnecessary and not obvious, plaintiff cannot be said to have assumed the risk.

2. MASTER AND SERVANT—*gang foreman not fellow-servant.* The foreman of a gang loading street car rails on a car, when giving orders to the gang, is not a fellow-servant.

3. DAMAGES—*future suffering.* An instruction permitting a jury to take into consideration in fixing damages "such future suffering and loss of health and physical disabilities, if any, as they might believe from the evidence the plaintiff would sustain," where there is no evidence that the plaintiff whose right leg had been amputated, will ever by reason thereof sustain any future suffering, etc., is not ground for reversal.

4. PRACTICE—*improper remarks of counsel.* Improper remarks of counsel for plaintiff in addressing the jury *held* not of sufficient importance to require a new trial.

5. INSTRUCTIONS—*order to do dangerous work.* An instruction to a jury, copied from one given and approved in Yarber v. Chicago & A. R. Co., 235 Ill. 589, regarding the assumption of risk in obeying a foreman's order to do dangerous work, held applicable to the facts in this case.

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 13, 1913.

GEORGE W. MILLER, for appellant; LEONARD A. BUSBY, of counsel.

GALLAGHER & MESSNER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment recovered by Nicholas Blum, since deceased, for personal injuries received while working for the Chicago City Railway Company, hereinafter called defendant.

A brief statement in outline of the accident is, that Blum was ordered to work as one of a gang in loading old street car rails from the ground onto a flat car. The loading was done at the side of the car, and at the side were three upright stakes, one near each end and one in the middle. The men would lift the rail up and, in response to verbal signals given by a gang foreman, would raise the rail higher until it was near the top of the stakes and then, in response to the signal word "heave," the men would heave the rail over the top of the stakes onto the car. There was evidence that the top of the stakes was about 5 feet 6 or 7 inches from the ground, but that the middle stake was about 3½ or 4 inches higher than the end stakes at the particular car in question. Blum, who had been doing other work with the laborers employed by defendant on the street, was ordered to work with the loading gang. It does not appear that he had ever be-

fore done such work, and there was testimony from which the jury might infer that he had never before seen how the work was done. He assisted and succeeded in lifting two rails over the stakes, but the third rail although lifted up, it is said, about 5 feet 8 inches, struck the top of the high middle stake, bounded back and fell on Blum, crushing his right leg so that it had to be amputated.

There is testimony to the effect that about 15 minutes before this accident, and before Blum was ordered to work there, another accident of the same kind had happened, caused by a rail striking the high middle stake, with resulting injuries to a laborer, and that the general foreman, after investigating the stakes, had ordered the gang foreman to get the middle stake down; but this order was not obeyed.

It is claimed by defendant that none of the counts of the declaration was sustained by the evidence. Whatever may be said about other counts, it is clear that the evidence did sustain the last count, in which is alleged the danger of the high middle stake above described, and the negligence of the foreman in ordering the men to lift and throw the rails over this dangerous stake.

Counsel for appellant argue many points most thoroughly and ingeniously. To notice adequately even a few of the points suggested would be impossible within the limits of an opinion of reasonable length. We agree with every proposition of law as stated in appellant's brief which is supported by precedent in this state, but we do not see how this affords any escape from liability under the facts before us. We are of the opinion that the gang foreman, Clinton, was not a fellow-servant when giving orders to the gang. Neither can it be said that the master used reasonable care in furnishing a reasonably safe place to work, with the middle stake higher than the others, which fact was made known to the master by a prior acci-

dent and a consequent investigation, in ample time to have remedied the defect before the accident to Blum occurred. This prior accident and investigation were not known to Blum, and as the greater height of the middle stake was unusual and unnecessary and not obvious, he cannot be said to have assumed the risk. In any event these were matters for the jury to pass judgment upon, and we are unable to conclude that its judgment is manifestly wrong.

It is urged that instruction described as No. 5 should not have been given as not being applicable to this case. The criticism is not well taken. The instruction was applicable as touching the assumption of risk in obeying the order of a foreman to do dangerous work. As to other points of criticism it is sufficient to say that this instruction is almost a copy of one given and approved in Yarber v. Chicago & A. R. Co., 235 Ill. 589 (595), where the facts were similar to those now before us.

Instruction described as No. 6 is criticised because it permitted the jury to take into consideration in fixing the damages "such future suffering and loss of health and physical disabilities, if any," they might believe from the evidence the plaintiff would sustain, and it is earnestly and strongly argued that there was no evidence that the plaintiff, with the amputated leg, will ever by reason thereof sustain any future suffering, loss of health or physical disability. We are not of the opinion that we should reverse the judgment in this case because this instruction was given. Kennedy v. Swift & Co., 234 Ill. 606.

The alleged improper remarks of counsel for plaintiff in addressing the jury are not of sufficient importance to require a new trial.

As there fails to appear any manifest reason for reversing the judgment, it will be affirmed.

*Affirmed.*