Joseph Smith, Appellant, *v.* Jane Lamb, Appellee.
The Same, Appellant, *v.* James Powell, Appellee.

### APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

Parties have the right to rescind or abandon contracts for the sale of land, for the inability of the vendee to convey, and to recover money paid on account of such contracts, in an action for money had and received.

Where a vendor admits that he had not, nor has any title to land he has contracted to convey, a tender of money by a purchaser is an unnecessary preliminary, to an action to recover money paid on such contract.

These were actions of assumpsit brought by the appellees against the appellant, to recover money paid upon a contract for the purchase of real estate, and were tried before the court, without the intervention of a jury, at the July term of said court, A. D. 1860. The declaration contained the common counts for money had and received to plaintiff's use, for interest on payment forborne, and on an account stated. Attached to

the declarations are the plaintiff's bills of particulars, stated in the manner of an account between them.

The defendant plead the general issue.

On the trial of the cause, the plaintiff offered in evidence a contract or agreement, dated August 3rd, 1857, between the said Joseph Smith, party of the first part, and the defendants, parties of the second part, for the sale of two lots of land.

The said Smith therein covenants, that if the said appellees shall first make the payments and perform the covenants in said contracts contained on their part, he will convey and assure to each of them, "in fee simple, clear of all incumbrances whatever, by a good and sufficient warranty deed," the premises described.

The said appellees covenant to pay to the said Smith, "at the office of Clark and Thomas in Chicago, the sum of seven hundred and fifty dollars, in manner following, to wit, $187.50 cash (the receipt of which is acknowledged), and the remainder in three equal payments, on the first day of February in each of the years 1858, 1859 and 1860, with interest at six per cent. per annum on the whole sum from time to time remaining unpaid, payable annually on the days aforesaid, from the 1st day of February, 1857, and to pay all taxes, assessments or impositions that may be legally levied or imposed upon said lot. It is further covenanted, that in case of failure of said appellees to make either of the payments or perform any of the covenants on her part, the contracts shall be forfeited and determined at the election of said Smith, and that said appellees shall forfeit all payments made by them on said contracts, and such payments shall be retained by said Smith in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right to re-enter and take possession. It is mutually covenanted, that the time of payment shall be an essential part of the contract, and that its covenants shall be mutually binding upon the heirs, etc., of the respective parties."

The appellees declared their readiness to make the final payment on their contracts. Smith said he had not the title to the lot and could not make a deed; he desired us to go to the office of his attorney to see whether an arrangement could not be made. He said Mr. Hall was the owner of the lots, and perhaps some arrangement could be made with him. We went to his attorney's office, when Smith again said he had not title and could not make a deed.

On the part of the defendant a witness testified: That at the tax sale which occurred on the 17th of March, 1859, for city taxes of 1858, he bought the lots mentioned in the contract from defendant to plaintiff, and received a certificate of purchase therefor. On the 4th of May, 1859, he paid the state

and county tax for 1858 on said lots, and on the 9th of March, 1860, he paid the city tax for 1859 on the same. The money paid by him for said purchases and for taxes has never been refunded to him by any one. He still holds the certificate of purchase and tax receipts.

The appellees further proved, that on the 2nd day of June, 1859, Smith, the appellant, assigned and delivered to Mr. Hall his copy of the contracts with the appellees, and transferred his interest therein to said Hall, and that said Hall was then the owner of the land.

The court found the issues for the plaintiffs, and assessed their damages at the amounts due to them respectively.

The defendant moved for a new trial, because the finding of the court was against the law, because the finding of the court was against the evidence, and because the damages assessed by the court were excessive.

The court overruled the motion. Final judgment in favor of the appellees was rendered by the court.

The appellant assigns for error : the finding of the court was against the law; the finding of the court was against the evidence ; the damages assessed by the court were excessive ; the court erred in overruling the motion for a new trial; and the judgment should have been for the defendant, for costs, and not for the plaintiffs.

JESSE B. THOMAS, for Appellant.

S. A. IRVIN, for Appellees.

CATON, C. J.  These cases are alike in every essential feature, and will be considered together.

If it be true that the plaintiffs had a right to abandon or rescind their contracts for the sale of the land upon which the money was paid, for the default or inability of the defendant to convey, they had a right to recover the money paid on their contracts, as for money had and received, whether their contracts were by parol or under seal. This law is so well settled in this court, as to preclude the necessity of discussing it at length now.

The more serious question is, had the plaintiffs a right to terminate the contracts when they did? By the contracts, the vendees were to pay the stipulated price of the land in four installments, at specified times, and to pay the taxes to become due on the lands, and upon the payment of the last installments, the vendor was to convey the lands, and time is made of the essence of the contracts, the vendees to forfeit all payments made, if they failed to perform on their part. The three first

payments were made, either at or before they fell due, or were accepted by the vendor after due, so that he could not complain that they were not promptly made. Neither the vendor nor the vendees paid the taxes for 1858 and 1859, but the premises were sold in 1859, for the taxes of 1858. Had the vendor declared a forfeiture of the contracts for the failure of the vendees to pay the taxes to the collector, a serious question would arise, whether a fair construction of the contracts required the vendees to pay the taxes to the collector, or to the vendor. But as the vendor never claimed or declared any forfeiture by the vendees for any cause, that question is not necessarily involved, and we shall not discuss it.

On the day when the last payments fell due, when it was the duty of the vendor to make conveyances, and of the vendees to pay the balance due upon the contracts, the vendees called upon the vendor and offered to pay the balance upon receiving an effectual conveyance. The vendor then admitted that he had not a title to the land, and could not convey; nor did he pretend that he ever had a title. He said one Hall owned the lands to whom he had assigned the contract, and the fair presumption is, that he never had a title to the lands, but that he had sold them without right, and for the fraudulent purpose of getting the plaintiffs' money, and to devise some pretext for holding it. Be this as it may, there is no question that when the parties met, on the 1st of February, 1860, neither party had rescinded or attempted to rescind the contract. It was still subsisting, and so considered by both parties. The vendor did not refuse to convey because of any default by the plaintiffs, but solely for the reason that he did not own the lands, and could not convey them. That fact entirely absolved the vendees from any duty or obligation to tender the balance then due. The law requires no such silly and useless ceremony. Then it appeared that the vendor was not entitled to, and could not receive the purchase money, and he had no right to claim a tender of money which he had no right to receive. The purchasers had a right to repudiate the contracts as forfeited by the vendor, or rather as never having been rightfully executed by him, because he had no right to make them. The plaintiffs had the right to say, you have received our money wrongfully and even fraudulently, and you must pay it back to us as if you had never made these contracts, which you cannot perform, and which you should never have made. By bringing these actions, the plaintiffs treat the contracts as forfeited by the vendor, as they had a right to do, and the court below has rightfully allowed them to recover the money paid on the contracts, with interest.

The judgments must be affirmed.        *Judgments affirmed.*