William A. Chenoweth, Appellee, v. Bradley Burr, Appellant.

## Gen. No. 14,188.

1. PLEADING—*effect of general issue to supply omissions of declaration.* If the defendant does not demur to the declaration but pleads the general issue, he thereby impliedly admits the sufficiency of such declaration.

2. PLEADING—*when declaration sufficient after verdict.* A declaration which states defectively a good cause of action is sufficient after verdict.

3. VERDICT—*when not disturbed.* Where the evidence is conflicting a verdict will not be set aside as against the evidence unless clearly and manifestly so.

4. MASTER AND SERVANT—*when latter does not assume risk when acting in obedience to orders.* A servant in obeying the orders of his superior does not assume the risk of injury, unless the danger of obedience is so obvious that a man of ordinary prudence and caution would not incur it.

5. MASTER AND SERVANT—*when doctrine of assumed risk does not apply, notwithstanding servant's knowledge of danger.* A knowledge of defects is not inconsistent with a lack of appreciation of the attendant danger; both must concur in order that the doctrine of assumed risk apply to preclude a recovery.

6. MASTER AND SERVANT—*under what form of declaration proof of order may be given.* Under the general averments of a declaration it is competent to permit a servant to prove that at the time of his injury he was acting in obedience to an order of his superior.

7. FELLOW-SERVANTS—*what does not establish relation of.* If the relation of fellow-servants did not exist before the giving of an order in obeying which the injury complained of resulted, the fact of obedience and the association with the servant giving the order in doing the work in question, does not establish such relation.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed February 4, 1909.

WILLIAM A. DOYLE, for appellant.

T. F. LARAMIE, and WOLFF & ROTHSCHILD, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee was plaintiff and appellant defendant in the trial court and will be so referred to in this opinion.

The declaration consists of three counts.

It is averred in the first count that the defendant owned and operated a certain factory and a certain revolving circular saw therein, and plaintiff was in defendant's employ as general repair man in said factory, and, June 10, 1903, plaintiff, in the course of his employment, was working at and about said saw, and while so engaged and exercising due care for his safety, his right hand, by defendant's negligence, was drawn and forced against said saw, and was greatly hurt and injured.

In the second count it is averred that the saw at which plaintiff was engaged was in a defective and unsafe condition, of which defendant had knowledge, and by reason thereof, and while plaintiff was exercising due care, his right hand was drawn against said saw and injured.

It is averred in the third count that one Charles Burr was the general superintendent and foreman of the factory, and was using said saw, and plaintiff, in the discharge of his duty, was assisting said Charles Burr, and while so doing, and exercising due care, the plaintiff's right hand was, by reason of the negligence of said Charles Burr, drawn or forced against said saw and injured.

The defendant pleaded the general issue; the jury found the defendant guilty and assessed plaintiff's damages at the sum of $1,500, and the court overruled motions of the defendant for a new trial and in arrest of judgment, and rendered judgment on the verdict.

Appellant contends that the declaration does not state a cause of action; that there is a variance between the declaration and the evidence; that there is no evidence tending to prove negligence of the defendant; that plaintiff assumed the risk and was guilty of contributory negligence; and that the court erred in ruling on instructions. The defendant did not demur to the declaration, but pleaded the general issue, thereby impliedly admitting the sufficiency of the declaration. It cannot be reasonably said that the declaration states a defective cause of action, and it is good after verdict. Grace & Hyde Co. v. Sanborn, 225 Ill. 138.

There were only two witnesses of the accident—Chenoweth, the plaintiff, and Charles C. Burr. The plaintiff testified, in substance, as follows: He is a wagon woodworker and had worked as such about nine years, and was employed as general repair man by Charles Burr, the defendant's son. When a wagon came in with broken parts, it was his duty to do the wooden work in repairing it. When Charles Burr hired him he said to him that he wanted a man who, in case the millman could not get out the work for him, could, himself, use the machines and get it out, who could handle the machines, so as not to bother the machine man; and asked him whether he could do that, and on his saying that he could, Charles said, "Come on and

go to work then." June 10, 1903, he was repairing a wagon and Charles Burr came to him and told him that, when he finished that job, to rim up a pair of wheels which were not finished, to fix up a pair of wheels for John, the blacksmith, for inch and a half tires, and he, plaintiff, picked up four rims, two by two, and took them to the rip-saw to rip them down to one inch and a half, for the tires. He could not make the saw work, so he stopped it, or shoved the lever, and as he so did he saw Charles Burr coming and waited till he came up, when he said to him, "Charley, I cannot do this job until this saw is fixed. It is in very bad condition." He said nothing, but shoved the lever and started the saw, and picked a rim from the floor and tried to run it through. He crowded the saw and the belt jumped off the pulley. We put the belt back, and I said, "Charley, that saw is in awful bad condition," and he said, "Oh, well, we can make it go; it is a small job. You go around and steady the rim up against the guide, and we will pull it through." "After he had pushed the rim through far enough for me to take hold back of the saw, I took hold as he had instructed me to do, and the rim suddenly jerked forward, jerking my hand between the rim and the saw, and cut my fingers." The little finger was cut, leaving part of the nail hanging. Three of the fingers were cut off back of the nails. Asked by the court to state the facts about the saw, plaintiff said: "The set was knocked out of the saw, and the points of the teeth were knocked off, so that it would not work." In another part of his testimony he says the sharp points of the teeth were off.

In respect to the testimony of Charles C. Burr it may be said that he directly contradicted almost every material matter testified to by the plaintiff, except that the plaintiff was in defendant's employ and that he, Charles, hired him. He denied that he told plaintiff that he would be expected to work on the machines, and said that he never told him to use any of them;

but forbade his doing so; and denied that plaintiff ever assisted him on a machine, or that he gave him any directions at the time in question. He says that the saw, at the time in question, worked nice and smooth. He was questioned and answered as follows:

"Q. While you were sawing there, after his hand was injured, did you examine the saw?

A. I did not examine it particularly; no sir."

Bradley Burr, defendant, testified that he looked at the saw five minutes after the accident, and that no teeth were broken off, and that it was in good condition; that no ends were broken off it. The following occurred in his examination:

"THE COURT: As to its being set right—you heard the evidence of the plaintiff here?

A. The teeth were set not for sawing stuff of that kind, dry stuff.

Q. How closely did you examine the saw on that day, Mr. Burr? What did you do in making your examination?

A. Well, I simply looked at it. Our tools are always in good order."

There does not seem to have been any occasion for an examination of the saw, by the witness, at the time in question. He went there, as he says, after the accident, and met plaintiff within twenty feet of the saw, coming from it, and there is no evidence that, at that time, he had heard any complaint of the saw. Although Charles C. Burr testified that there was a machine man at the factory all the time plaintiff was there, and that he told plaintiff to have the machine man get out work for him, when he wanted it, the machine man was not called to testify as to the condition of the saw. Several witnesses were called by the defendant, who testified that there could be no kick back of the rim while being sawed, as plaintiff had testified.

It was a question for the jury on the conflict of evidence between plaintiff and Charles C. Burr, which witness should be believed, the plaintiff or Burr, and

we cannot interfere with the verdict on the ground that it is contrary to the weight of the evidence.

The jury were instructed by defendant's first and seventh instructions that it was incumbent on the plaintiff to exercise ordinary care, and that, if they found from the evidence that he did not exercise such care, they should find for the defendant. Whether the plaintiff was guilty of negligence which contributed to the accident, was a question for the jury, and we perceive no good reason for dissenting from their finding on that question. The evidence shows that Charles C. Burr, defendant's son, hired plaintiff and superintended him and gave him orders in regard to his work. This is testified to both by the plaintiff and Charles C. Burr. Therefore when the latter ordered plaintiff to assist him. when he was sawing the rim, it was plaintiff's duty to obey him, and in obeying him he assumed no risk, unless the danger of obeying was so obvious that a man of ordinary prudence and caution would not have incurred it. Offutt v. World's Columbian Exposition, 175 Ill. 472; Springfield Boiler Co. v. Parks, 222 Ill. 355.

Counsel urge that plaintiff knew of the defects of the saw, if any there were. This may be true, yet entirely consistent with non-appreciation on his part of any danger in obeying his superintendent's order. In the Offutt case cited, *supra,* the plaintiff objected to the order given him, saying, in substance, that it was unsafe to obey it; yet a recovery was sustained.

The declaration contains no averment of any order to plaintiff, but the evidence shows an order. This is relied on as a variance. We think the proof competent under the general averments of negligence.

Defendant's counsel objects that plaintiff's instructions numbered 1 and 2 are erroneous, and that the court erred in refusing instructions numbered 4, 5, 8, 9, 10, 11 and 12. The court did not err in giving either of plaintiff's instructions 1 and 2. Refused instruction 4 is included in defendant's given instructions

1, 5 and 10. Refused instruction 5 purports to inform the jury of the fellow servant doctrine. Defendant's counsel says, in his argument, that the court should have given the instruction, "because, under the authorities, the appellee *became,* at the time he attempted to take hold of the half-round, the fellow-servant of Charles Burr." This is the only ground on which counsel claims that the plaintiff and Burr were fellow-servants, and, by necessary implication, is an admission that, before plaintiff took hold of the half round, in obedience to Burr's order, he and Burr were not fellow-servants. Obedience by plaintiff of the order of Burr, his superintendent, did not constitute Burr and the plaintiff fellow-servants. Although they were engaged in the same work, the order given by Burr was within the scope of his authority, and plaintiff was bound to obey it, at the risk of losing his situation, unless the danger of obeying was such that a man of ordinary prudence and caution would not have incurred it, and the accident was the immediate result of obedience to the order. C. & A. R. R. Co. v. May, 108 Ill. 288, 300; Graver Tank Works v. O'Donnell, 191 Ill. 236, 240-1, and cases cited.

Refused instruction 8 in relation to the care which defendant was legally required to exercise, is fully covered by defendant's given instruction 5. Refused instruction 9 wholly ignores the element that plaintiff was acting in obedience to his superintendent's order, and was properly refused. Refused instructions 10, 11 and 12 are substantially included in instructions given at defendant's request. The court gave sixteen instructions asked by the defendant, covering every phase of the case.

This cause has been twice tried and the jury, on each trial, found for the plaintiff. In such case, to warrant a reversal, substantial error, materially prejudicial to the defendant, should appear in the record. We find no reversible error in the record, and the judgment will be affirmed. *Affirmed.*