JOHN BEDINGER *et al.* Defendants in Error, *vs.* EDWARD
H. MAY, Plaintiff in Error.

*Opinion filed October 28, 1926.*

1. SPECIFIC PERFORMANCE—*pendency of suit to quiet title does
not necessarily show want of merchantable title.* The fact that a
suit to quiet title is pending does not necessarily show that a party
to a contract for the sale of real estate does not have a merchant-
able title to the premises and that the abstract does not show such
a title, as a party may have a merchantable title to premises and
institute a bill to quiet the title for the purpose of acquiring a per-
fect title of record.

2. SAME—*what constitutes a merchantable title.* A merchant-
able title is not necessarily a perfect record title, without fault, de-
fect or omission, but whenever an abstract, together with explana-
tory affidavits, shows a person to have an indefeasible title in fee
simple, whether acquired by deed, devise or by virtue of the Stat-
ute of Limitations, such abstract shows a merchantable title.

3. SAME—*an attorney's written opinion of title is not evidence.*
The written opinion of an attorney who has examined an abstract
of title is not evidence of the facts therein stated, or that the ab-
stract, in fact, shows the defects recited.

4. APPEALS AND ERRORS—*abstract of record must show all errors
relied upon.* Parties bringing cases to the Supreme Court must
prepare and file complete abstracts of the record in accordance with
the rules, and they must be sufficient to enable the court to deter-
mine therefrom whether or not the errors assigned are well taken,
as the court will not explore the record to find errors to sustain
the assignments of error.

5. SAME—*when finding of trial court will be presumed based on
sufficient evidence.* Where the certificate of evidence does not pur-
port to contain all the evidence heard by the trial court in a chan-
cery case it must be presumed that there was sufficient evidence to
warrant and sustain its finding.

WRIT OF ERROR to the Circuit Court of DeWitt county;
the Hon. FRANKLIN H. BOGGS, Judge, presiding.

CHARLES C. LEFORGEE, GEORGE W. BLACK, and THOS.
W. SAMUELS, for plaintiff in error.

HERRICK & HERRICK, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

By this writ of error plaintiff in error (hereinafter called defendant) has brought to this court for review a decree of the circuit court of DeWitt county in favor of defendants in error, (hereinafter called complainants,) ordering the specific performance of a real estate contract and dismissing a cross-bill filed by defendant for want of equity.

The evidence, which was taken before a master in chancery and by him reported to the court together with his conclusions, shows that on the 4th day of June, 1919, Charles H. Brelsford, who was the then owner of approximately 196½ acres of land in DeWitt county, (the premises here in question,) entered into a contract with complainants to sell the same to them. On September 15, 1919, complainants and defendant entered into a written contract whereby defendant agreed to buy and complainants agreed to sell the premises in question to defendant and to convey the same to him by a good and sufficient warranty deed, to be delivered to him upon payment being made, as provided in the contract, on or before the first of March, 1920. The contract also contained the following provision: "The said party of the first part also agrees, on or before the first day of October, 1919, to furnish to the said party of the second part a complete abstract of title to certain premises brought down to date, certified to by a competent abstracter, showing a merchantable title to said premises, free and clear of any and all encumbrances, save and except.............. and allow the said party of the second part a reasonable opportunity to have said abstract examined. The taxes of said premises for the year 1919 are to be paid by the said party of the first part. Possession of said premises is to be delivered to the said party of the second part on or before the first day of March, 1920. On his part the said party of the second part agrees to pay the said sum of

$26,527.50 in the manner following: $2000 cash in hand upon the execution of this agreement, receipt whereof is hereby acknowledged, (in case the title is found to be defective after examination by attorney the parties of the first part are to have a reasonable time to correct errors or defects and make title merchantable as above. The insurance on the buildings on the land above is to be assigned to the party of the second part without charge,) and the remainder in cash upon the first day of March, 1920, and on the receipt of the deed as herein above provided." It is also provided by the contract that the agreements therein contained should be binding upon the heirs and assigns of the respective parties, and that either party who failed or refused to comply with the provisions of the contract on his part to be performed should forfeit and pay to the other party the sum of $2000, which was agreed upon as liquidated damages.

The master found, and his findings were warranted by the evidence, that prior to October 1, 1919, complainants furnished to defendant an abstract of title showing deed to the premises to Brelsford and that a reasonable opportunity was given defendant to have it examined; that defendant returned the abstract to complainants some time in October, 1919, without making any objections to the title as disclosed by the abstract or claiming that the title was defective; that in December, 1919, complainants caused a bill to quiet the title of the premises to be filed in the circuit court of DeWitt county, and on the 24th day of June, 1920, a decree was entered quieting the title of record in complainants, subject to their contract with defendant; that defendant obtained the abstract a second time about December, 1919, and submitted the same to an attorney; that his attorney prepared a written opinion as to the abstract; that although complainants repeatedly requested defendant and his attorney to point out any fatal defect in the title, they

failed to make any specific objection to the same and failed
to deliver complainants the written opinion of defendant's
attorney; that about the first of February, 1920, defendant
told complainants that unless the title was quieted by the
suit to quiet title by March 1, 1920, he would not take the
place, although at that time it was evident that by reason
of the times of the terms of court of that county it would
be impossible to get a decree before March 1, 1920; that
complainants caused all defects in the title to be corrected
within a reasonable time; that prior to March 1, 1920, com-
plainants notified defendant that they would be ready to
carry out their contract on that day; that on March 1, 1920,
Brelsford conveyed the premises by warranty deed to com-
plainants, and they, together with their wives, made and ac-
knowledged a warranty deed of the same to defendant and
caused the abstract to be brought down to date of March 1,
1920, showing the deed of record from Brelsford; that the
abstract was duly certified by a competent abstracter, and
the master found that it "showed the premises to be free
and clear of any and all encumbrances;" that complain-
ants, together with their attorney, then commenced a dili-
gent search for defendant for the purpose of tendering to
him performance of the contract, and although they made
inquiries at his home and watched it until after midnight
they were unable to find him, the master finding that he
concealed himself for the purpose of preventing tender of
performance; that on March 2, 1920, complainants ten-
dered to defendant the deed, abstract and tax receipt for
taxes of 1919, which were refused by defendant, the ground
of refusal assigned being the condition of the title; that
after the entry of the decree in the suit to quiet title com-
plainants again made tender of performance to defendant
and that he refused to perform the same; that in Septem-
ber, 1919, after entering into the contract with complain-
ants, defendant, in writing, leased the premises to a tenant

for a term of one year from March 1, 1920; that in the fall of 1919 the tenant plowed and sowed crops thereon; that in February, 1920, he moved upon the premises and occupied the same until the time of the hearing; that at no time did defendant restore the premises to complainants or tender to them an assignment of the lease.

Defendant's main contention seems to be based on the fact that the agreement contained the statement that time was made of the essence of the contract. From this he argues that it was of the essence of the contract that complainants, on or before March 1, 1920, should furnish defendant with an abstract showing merchantable title to the premises in them, and that, the bill to quiet title being still pending on March 1, 1920, defendant was at liberty to rescind the contract. While time was made of the essence of the contract, the date March 1, 1920, is in no place mentioned in the contract with reference to the abstract. The time fixed by the contract for the furnishing of the abstract was on or before October 1, 1919. An abstract was furnished in accordance with this provision and an opportunity given defendant to have the same examined by his attorney. It thereupon, under the contract, became the duty of defendant or his attorney to call to the attention of complainants any defects in the title, so as to give them an opportunity to correct the same. The fact that a suit to quiet the title was brought does not, of itself, necessarily show that complainants did not on March 1, 1920, have a merchantable title to the premises and that the abstract did not show the same. A merchantable title is not necessarily a perfect record title, without fault, defect or omission, but whenever an abstract, together with explanatory affidavits, shows a person to have an indefeasible title in fee simple, whether acquired by deed, devise or by virtue of the Statute of Limitations, then such abstract shows a merchantable title. (*Attebery* v. *Blair,* 244 Ill. 363; *Geithman* v. *Eichler,* 265 id. 579; *Dime Savings and Trust Co.* v. *Knapp,*

313 *id.* 377.)    A man may have a merchantable title to premises and institute a bill to quiet the title for the purpose of acquiring a perfect title of record.   The abstract of title in question contained 277 entries, and, while it was introduced in evidence, the abstract of record filed by defendant fails to show what any one of those entries is.   While defendant in his brief and argument repeatedly claims that complainants did not on March 1, 1920, have a merchantable title to the premises, he has not called our attention to any one fact in the evidence which is inconsistent with their having such title on that date.   Defendant introduced in evidence, and so gave verity to, the finding of the master in the suit to quiet title and the decree of the circuit court thereon.   The decree found, based on the master's report, "that the complainants, John Bedinger and Roy H. Johnson, and their immediate grantors and those through whom they claim title, have been in the actual, open, notorious, exclusive, continuous, adverse, quiet and peaceful possession of all the premises which are the subject matter of this suit for more than twenty-five successive years last past, prior to the filing of the bill herein, claiming to own the same in fee simple; that during all of said period of more than twenty-five successive years last past the complainants and their immediate grantors, and those through whom they claim title, have paid all taxes and assessments levied against said premises as the same became due from time to time, by reason whereof the complainants have become and are now the owners of all the premises which are the subject matter of this suit, in fee simple absolute."

It is the duty of parties bringing cases to this court for review to prepare and file complete abstracts of the record in accordance with the rules, which must be sufficiently full to enable the court to determine therefrom whether or not the errors assigned are well taken, and when this is not done the court will not explore the record to find errors to sustain the assignments of error.   (*Gibler* v. *City of Mat-*

*toon,* 167 Ill. 18; *People* v. *Yuskauskas,* 268 id. 328; *Jackson* v. *Winans,* 287 id. 382; *Mantonya* v. *Reilly,* 184 id. 183; *Glassman* v. *Lescht,* 318 id. 128.) In the present case the abstract does not purport to be a complete abstract of all the evidence in the case, but, on the contrary, it shows upon its face that it does not contain the document which is of vital importance in this case,—the abstract of title. The certificate of evidence not purporting to contain all the evidence heard by the trial court it must be presumed that there was sufficient evidence to warrant and sustain its finding. *Kennard* v. *Curran,* 239 Ill. 122; *McKennan* v. *Mickelberry,* 242 id. 117.

Defendant introduced in evidence a written opinion of his attorney who examined the abstract, in which certain defects in the record title are pointed out. This opinion is no evidence of the facts therein stated, or that the abstract, in fact, showed such defects. We have, however, examined it, and find that there is therein stated no one fact which is absolutely inconsistent with the existence in complainants on March 1, 1920, of a merchantable title to the premises in question.

By the contract the delivery of the deed on March 1, 1920, conveying to defendant the premises and the payment by defendant of the balance of the purchase price were concurrent. Defendant did not on March 1, 1920, tender to complainants the balance of the purchase money and demand performance of the contract, nor has he at any time restored to them the possession of the premises which he obtained under the contract. He has not shown himself to be in a position to rescind it.

The abstract of the evidence in this case showing no reversible error, the decree of the circuit court is affirmed.

*Decree affirmed.*