James H. Fox, Appellee, v. Kenneth S. Beall, Appellant.

Gen. No. 9,748.

February term, 1942.

Heard in this court at the
Opinion filed April 8, 1942.

OKEL S. FUQUA, of Waukegan, for appellant.

HALL & HULSE, of Waukegan, and MAX LIDSCHIN, of Chicago, for appellee; ALBERT L. HALL and JOHN V. MOORADIAN, both of Waukegan, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is an action by appellee for damages resulting from an injury sustained by him while working for appellant. It is alleged that appellant owned and operated a farm in Lake county, upon which appellee was employed as a farm hand; that appellee, on the day in question, was plowing with a tractor and plow; that the plow was raised and lowered by a power lift; that the machinery was several years old, had been exposed to the elements, and that portion thereof having to do with the operation of the power lift was defective; that appellant knew of this condition, had promised to repair same; and that as a result of such

defective condition of the power lift, appellee, while using the plow, sustained the injury complained of by reason of the power lift failing to operate properly.

Appellant by his answer, denied that appellee was in the exercise of due care and caution for his own safety at the time of the accident; denied that the machinery was in a defective condition; and denied that he had made any promise to repair same.

The case was tried by a jury which returned a verdict for appellee in the sum of $1,500. Appellant filed his motion for directed verdict at the close of the plaintiff's case, and again at the close of all the evidence in the case. Rulings on these motions were reserved until after verdict, when the motions were denied and judgment rendered on the verdict. Appellant brings this appeal, urging as the single error for reversal, the refusal of the trial court to grant his motion for a directed verdict.

It is the position of appellant in this appeal that appellee had been engaged in farming all of his life, was familiar with farm machinery, was familiar with the plow being used at the time in question, and knew of its defective condition; and that under the general rule of assumed risk, appellee knowing of the defect, could not recover. Citing in support of this contention, such cases as *Drop Forge & Foundry Co. v. VanDam,* 149 Ill. 337; *Illinois Steel Co. v. Mann,* 170 Ill. 200; and *Pittsburgh Bridge Co. v. Walker,* 170 Ill. 550. Appellant also urges that since appellee was familiar with the machinery and equipment being used by him at the time of his accident, the rule which exempts an employee from assuming the risk where a promise to repair is made, cannot prevail. *Webster Mfg. Co. v. Nisbett,* 205 Ill. 273, 277; *Gunning System v. Lapointe,* 212 Ill. 274.

Appellee in reply to this position of appellant, urges that in order to put upon the servant the assumption of risk of a defect or danger, he must not only know

of the defect, but he must also know of and appreciate the dangers arising therefrom. *Slack v. Harris,* 200 Ill. 96, 109; *Libby, McNeill & Libby v. Cook,* 222 Ill. 206, 215; *Wheeler v. Chicago & W. I. R. Co.,* 267 Ill. 306, 319; *Chenoweth v. Burr,* 146 Ill. App. 443.

Appellee further urges that even though the servant may know of the defective condition of the appliance, yet if the master directs him to continue in the use thereof, it is then a question for the jury whether the risk or danger attendant upon the use of the appliance was so imminent and apparent that a man of ordinary prudence would appreciate such risk and danger. *Hartrich v. Hawes,* 202 Ill. 334. The general rule in this regard is announced in 35 Am. Jur. 691, par. 264, to the effect that if the evidence submitted only goes to the extent of establishing knowledge of the defect from which the danger arises, the question as to the employee's contributory negligence should not be withdrawn from the jury.

It appears from the testimony of appellee that in his use of the tractor and plow, at no time prior to his receiving his injury had the arm of the power lift ever performed or acted as it did at that time; that nothing had occurred in his use of the same to cause him to know of any danger connected with its worn condition; that the only trouble it gave was the inconvenience attached to its operation, in that, it would sometimes release the plow and thus permit it to engage the soil while he was making turns. Although it appears from his testimony that he was aware of the worn condition of the power lift, yet there is nothing to indicate that he had any knowledge that any danger or risk was incident to its worn condition. He states that he spoke to appellant some three or four days before his injury about the worn pin in the clutch that had to do with the proper operation of the power lift, and that the appellant said he never had any difficulty with it other than it would sometimes permit the plow

blade to drop to the ground when in a raised position. He further states that appellant instructed him to find out how much it would cost to get it fixed, and to go ahead and plow. Appellee says that pursuant to appellant's directions, he went to see the dealer, ascertained that a new part to replace the worn part would cost $4, and proceeded to plow appellant's land as directed.

In many jurisdictions, it is essential to the operation of the principle of assumed risk incident to the use of defective machinery, that the servant should not only know of such defect, but that he must also know and appreciate the danger and risk connected therewith. Thompson on Negligence, vol. 4, par. 4652 (supp. vols. 7 & 8, same paragraph). We find the above rule supported in 35 Am. Jur. 741, par. 313, to the effect that although an employee may have knowledge of the defective condition of an appliance, by reason of which he sustains an injury, it does not thereby follow that he must be held to have appreciated the danger to which he was thereby exposed. It is there stated that, "An appreciation of the danger is the factor that establishes responsibility, not mere knowledge of the defect or condition by which the danger is created." This appears to be the rule in this State.

It is said to be a question for the jury whether the danger was appreciated by the servant. On motion for directed verdict only the evidence of the plaintiff can be considered, and is to be taken in its most favorable aspect. There is nothing in appellee's evidence tending to prove he had any knowledge or appreciation of the danger or risk involved.

The judgment is therefore affirmed.

*Judgment affirmed.*