(No. 31613.

SAMUEL S. CHRISTOPHER *vs.* GEORGE E. WEST.—(EDITH CHRISTOPHER, Exrx., Appellant, *vs.* CORRINE I. ZICK, Exrx., Appellee.)

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

A. M. FITZGERALD, of Springfield, for appellant.

GILLESPIE, BURKE & GILLESPIE, of Springfield, and STONE, STONE & HESS, of Bloomington, for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Christopher sued West in the circuit court of Sangamon County for the return of a down payment made as earnest money on the purchase of certain real estate. Both the purchaser (Christopher) and seller (West) have died since the suit was instituted and are here by their personal representatives. For convenience and to avoid confusion we shall refer to the parties as Christopher and West, or as "purchaser" and "seller."

The trial court directed a verdict in favor of the purchaser and against the seller. On appeal to the Appellate Court, that court reversed the circuit court without remanding, on the sole ground that a tender was necessary from the purchaser to the seller, (which was not made,) of the balance of the purchase price, coupled with a demand for performance as a condition precedent to instituting suit. We granted leave to appeal.

West was a resident of Iroquois County and the land, situated there, was sold at public sale on February 22, 1946, at the courthouse in Ford County. Christopher was a resident of Sangamon County. Immediately following the sale a written contract was entered into, whereby West agreed to convey by good and sufficient warranty deed the land contracted for and to furnish an abstract of title and allow second party reasonable time to have same examined.

It was further provided that after the examination was made, the seller should within a reasonable time correct any defects in the title "and shall make such abstract show a merchantable title." The purchaser agreed to pay in all $27,076.50, and down payment of $4061.47 was paid as earnest money. Time was of the essence and the covenants extended to their heirs, executors, administrators and assigns. The contract was dated February 22, 1946. Christopher entered into possession soon thereafter, and, on May 15, West delivered to him an abstract under date of May 8. On May 20, a "preliminary" opinion of title was sent to West, claiming title was unmerchantable. The main objection concerned a failure to serve sufficient notice of the petition to probate the will of one Logan A. Gridley, deceased, who appeared in the chain of title. West proposed certain measures to cure the objections, which were not acceptable to Christopher. On July 2, the latter advised West by registered mail of his rescission of the agreement and demanded return of the down payment, interest thereon, and expenses incurred. The basis of this rescission was that West had not within a reasonable time made the title merchantable as specified in the preliminary opinion, and that he could not do so within a reasonable time. Possession was relinquished about August 1.

On August 13, West instituted suit in Iroquois County, where the land is situated, to quiet and confirm title in him, and a decree to that effect was entered on November 15. Shortly thereafter on November 22, the parties at the request of West met with their respective attorneys in Springfield, and West tendered a warranty deed, signed by himself and wife, and an abstract of title continued to November 18, showing the quiet-title proceedings and decree. This tender Christopher refused, on the ground the same was not tendered within a reasonable time as contemplated by the agreement. He insisted the title was not merchantable at the time of the examination, and West did not make it so

within a reasonable time after the expiration of the ninety days and the tender of November 22 was beyond the expiration of a reasonable time. This suit was started in January, 1947.

West entered a limited appearance in the trial court and moved to dismiss the complaint, on the ground the cause of action or some part thereof out of which the cause of action arose did not occur in Sangamon County and the defendant did not reside there. This motion was denied and West amended his answer, and, as one of his defenses, asserted Christopher did not make a necessary tender to West of the balance of the purchase price as a necessary condition precedent to successfully maintaining his suit. The lower court did not approve this defense and thereupon, at the close of all the evidence, entered judgment against West for the earnest money, interest and costs.

On appeal to the Appellate Court, West assigned twenty-eight alleged errors; all are briefed and argued and after minor alterations that brief stands as his brief here. The Appellate Court held that it was not necessary to decide the question of venue or the merchantability of the title. It specifically restricted the decision to holding it was necessary for the purchaser to tender to the seller the balance of the purchase price, coupled with a demand for performance as a condition precedent to the successful prosecution of the suit. Christopher here objects to the ruling as to the tender and assigns the reversal of the judgment as error. Both parties, acting on the belief the appeal to this court presents all of the errors assigned against the trial court for review, have briefed and argued the whole case in their briefs. This court is confined to a review of the judgment of the Appellate Court. To do otherwise would in effect constitute the allowance of a direct appeal to this court in contravention of the statute. Though the judgment of the Appellate Court does not finally dispose of the rights of the parties on the merits of the general controversy, it is

a final judgment on the merits of one phase or branch thereof because the effect of that judgment (unless reversed,) finally disposes of the action before us. (*Moffat Coal Co.* v. *Industrial Com.* 397 Ill. 196; *Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569.) When the Appellate Court does not pass upon questions raised by assignments of error in that court, the Supreme Court on appeal from that court cannot pass upon those questions. *Alexander Lumber Co.* v. *Coberg,* 356 Ill. 49; *Kinsey* v. *Zimmerman,* 329 Ill. 75; *Berry* v. *Turner,* 279 Ill. 338.

Under the agreement, West was obligated to convey fee-simple title by warranty deed. He contracted only to deliver an abstract of title to afford the purchaser an opportunity to ascertain the condition of the title and to enable the seller to correct any defects therein within a reasonable time. Payment was to be made, it is true, within ninety days and time was declared, by the contract, to be of the essence thereof. Christopher erroneously construes the contract as though West had agreed to deliver an abstract showing merchantable title within the time fixed for payment. An analysis of the contract discloses this was not the expressed agreement of the parties. West under the terms thereof was to warrant only that title the abstract ultimately had to show, namely, a merchantable title. Such title need not necessarily be a perfect record title without fault, defect or omission. Differences of opinion as to the merchantability may, and frequently do, arise among attorneys astute in title matters; but whenever the abstract, together with explanatory affidavits, evidences an indefeasible title in fee simple, whether had by deed, devise or by the Statute of Limitations, there is a merchantable title. *Bedinger* v. *May,* 323 Ill. 187.

Aside from the question of merchantability or nonmerchantability of this particular title at the time the same was raised by the "preliminary" opinion of Christopher, and even assuming the objections were well taken,

West still had a right to be definitely advised as to their nature and whether or not the purchaser desired to waive some or even all of the objections, as he had a right to do. Under the circumstances here, neither party made a tender of performance within the ninety-day period set for the payment of the full purchase price, and such nonaction constituted a waiver and a mutual negation of the requirement that time of payment as specified thereunder was of the essence of the agreement. Acts and statements of the two show they both considered the agreement to have otherwise retained all of its vitality subsequent to that date, and that the transaction was to be fully closed within a reasonable time thereafter. The purported letter of rescission of July 2 at least confirmed West in the belief the defects complained of were of sufficient import to cause the purchaser to refuse title if the same were not cured. He immediately, or at least within a reasonable time, proceeded to correct these defects by bill to quiet title, and accomplished this result as soon thereafter as could reasonably be expected.

The questions of venue and merchantability are not before this court on appeal. The only question for us here to decide is whether the law imposed upon Christopher, as a necessary condition precedent to the maintenance of this suit to recover back the earnest money paid, the duty of tendering performance to West in order to acquire the right of restitution. The party who insists upon performance by the other party must show performance on his part, while he who desires to rescind the contract need only show nonperformance or inability to perform by the other. Inability to perform is sufficient excuse on the part of the purchaser for not tendering performance, for, in this event, a tender would be devoid of meaning. (*Smith* v. *Lamb*, 26 Ill. 396; *Runkle* v. *Johnson*, 30 Ill. 328; 55 Am. Jur.— Vendor and Purchaser, sec. 601.) If Christopher, on July 2, at the time of the attempted rescission had a right

to rescind and was correct in his position as to any of the claimed defects in title, tender of performance by him then would be meaningless, for West on that date could produce no better abstract than the one he delivered to the purchaser on May 15. If any claimed defect was such as to affect the merchantability of the title and one which was not cured or curable within a reasonable time as provided in the contract, no tender of the full purchase price was necessary. On the other hand, if the same was not material or was curable within a reasonable time, Christopher had no correct basis in law for a rescission of the contract. The case, therefore, turns upon considerations other than that of tender by Christopher and the holding of the Appellate Court, that such tender of performance was necessary before this suit could be instituted, was erroneous.

The judgment of the Appellate Court, Third District, is, therefore, reversed and the cause remanded to that court with directions to consider and pass upon the assigned errors remaining undetermined.

*Reversed and remanded, with directions.*