**Lee Russell, Plaintiff-Appellee, v. Gabriel Halyama and Marguerite Halyama, Defendants-Appellants.**

Term No. 60–M–7.

Fourth District.

October 31, 1960.

Burrell & Holtan, of Freeport, and James L. Reed, of Edwardsville, for appellants.

Morris B. Chapman, of Granite City, Mondhink, Mosele & Wiseman, of Alton, for appellee.

CULBERTSON, P. J.

This is an appeal from the judgment of the City Court of Granite City, Illinois, based upon a verdict of a jury in favor of plaintiff, Lee Russell, and as against defendants, Gabriel Halyama and Marguerite Halyama. The action was brought to recover damages for personal injuries sustained by plaintiff as a farm employee of defendant, Gabriel Halyama, as a result of negligence of defendant in furnishing the plaintiff an unsafe or defective corn picker.

Defendant was a physician practicing in Granite City, who owned a large farm in Greene County, Illinois. In 1955 he hired the plaintiff to work full time on the farm. He furnished the plaintiff with an

old model Ford Dearborn corn picker in 1957, which was then seven or eight years old.

There was evidence to the effect that from the time of the purchase of the used corn picker defects developed in its operation and plaintiff advised defendant of such defects. He was also told that the elevator was "hanging up." Defendant suggested a chain tightener which plaintiff installed, without success, in an effort to eliminate the trouble with the elevator. A few days later a mechanic employed by defendant worked on the elevator at plaintiff's request, in the presence of defendant, and attempted to fix the elevator. Defendant stated that it appeared that he would be required to have a man repair the elevator, but told plaintiff to try to finish up the field and that defendant would have time meanwhile to have the repair made. Later plaintiff and defendant together apparently endeavored to straighten out the slats in the elevator, and after that time plaintiff advised defendant that the man had never repaired the elevator, and defendant apparently stated that he had forgotten about it but promised again to have it repaired.

On the Saturday preceding the injury to plaintiff (which occurred on December 2, 1957), plaintiff told defendant on his weekend visit to the farm that the corn picker had not been repaired. Defendant told plaintiff to go ahead and do the best he could, that he would have a man out to repair it the first of the week.

The facts we have recited for the purposes of this opinion were denied in the main by the defendant, who stated he had no difficulty with the elevator, but the shaft was bent and damaged after the accident. A number of employees, however, who worked after the time of plaintiff's injury corroborated plaintiff to the effect that the elevator was still "hanging up"

when they operated the picker, and that they advised defendant of this fact.

On the date of the injury, following defendant's instructions to get the corn out and the promise of repair as testified to by plaintiff, plaintiff endeavored to pick some more corn with the machine. He testified that the elevator "hung up" some ten times or more during the morning, and that by pulling on the elevator he had managed to free it. He also testified that he was finally unable to pull it loose and he tried to grease and oil the machinery, hoping to free the elevator in this way. He then pulled on it, again endeavoring to break it loose, but was unsuccessful. Finally he started the tractor, placed the power take-off in operation and endeavored to pull the nonmoving elevator into operation. The elevator was not operating, he stated, and in pulling upon it he was not pulling on operating machinery. He succeeded in freeing the elevator, but in so doing, lost his balance when it went into operation, and in struggling to avoid falling, caught his hand in the husking bin of the machine. His hand was severely torn and mangled, with the loss of several fingers and a resultant claw hand.

It is the contention of the defendant in this case that plaintiff voluntarily subjected himself to a risk which defendant as a reasonably prudent man could not have foreseen and which he was under no duty to prevent; or that plaintiff was guilty of contributory negligence as a matter of law. There is also a contention that the Court erred in ruling on the admission and rejection of evidence, and in refusing to declare a mistrial as the result of improper arguments to the jury.

■ Under the facts before us the operation of a defective piece of equipment by an employee after he had requested that it be repaired and was assured

by his employer that it would be repaired, makes inapplicable the assumption of risk theory (Scott v. Parlin & Orendorff Co., 245 Ill. 460, 468, 92 N. E. 318; Morden Frog & Crossing Works v. Fries, 228 Ill. 246, 250, 81 N. E. 862).

██ Even though the farm worker knows of the defect, if the employer directs him to continue to use the appliance and the defect is not so glaring as to amount to a disregard of all prudence by the employee, the question of the employee's contributory negligence is a question of fact for the jury (Fox v. Beall, 314 Ill. App. 144, 41 N.E.2d 126). Under the facts before us the circumstance that plaintiff stood upon the corn picker in endeavoring to free the elevator in carrying out his employer's direction as to work, does not make him contributorily negligent as a matter at law (Stone v. Guthrie, 14 Ill.App.2d 137, 144 N.E.2d 165).

The case of Wills v. Paul, 24 Ill.App.2d 417, 164 N.E.2d 631, which was cited in this Court by defendant as a precedent, involved a different factual situation than in the case before us. It should be emphasized that in that case the plaintiff placed his hand in a moving piece of machinery, a corn picker, to remove a cornstalk lodged in the corn picker while the machine was operating and caught his hand in the machinery, resulting in the injury. In the case before us plaintiff did not endeavor to place his hand in the proximity of moving machinery, but was pulling on an elevator which was not operating, trying to make it work properly so he could proceed with his employer's work. The elevator in the words of the plaintiff was then "stuck tight." He had tried to free the elevator by oiling and greasing it, and pulling upon it, without the power. It was only after he had failed in this attempt that he turned on the power of the tractor.

In our judgment the factual situation calls for a determination of the type found in the case of Stone v. Guthrie, supra, and plaintiff's contributory negligence under such circumstances was a question of fact for the jury.

Objection is made in this Court to the ruling of the Court in permitting a witness to testify as to an answer or conversation given by defendant, part of which included the statement "did he get the corn out?" There was considerable evidence about this question and such ruling, standing alone, does not constitute reversible error. Complaint is made, however, that in the argument of counsel, improper arguments were made relating to this issue. Since only a portion of the final arguments are abstracted it is not possible for this Court to determine the propriety of this objection, and the Court will not search the record for the purpose of reversal (Bedinger v. May, 323 Ill. 187, 153 N. E. 822).

The judgment of the City Court of Granite City will, therefore be affirmed.

Affirmed.

SCHEINEMAN, J. and HOFFMAN, J., concur.