*In re* ESTATE OF MARGUERITE MORGAN, Deceased.—(EARL HIEBER, Petitioner-Appellant, *v.* SHERMAN EDWARDS, Ex'r of the Estate of Marguerite Morgan, Respondent-Appellee.)

Fifth District    No. 80-394

Opinion filed September 25, 1981.

Jack Williamson, of Vienna, for appellant.

Lahr & Sibley, of Metropolis, for appellee.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Earl Hieber, claimant below, appeals from a final order of the circuit court of Johnson County, denying Hieber's claim against the estate of Marguerite Morgan, deceased, for the return of a $9500 down payment

paid pursuant to a written sales agreement representing 10% of the purchase price of certain real property. Hieber also appeals the trial court's denial of his claim for $9500 as liquidated damages for breach of the sales contract. Appellee has abandoned its cross-appeal. This appeal raises the issues of whether the trial court erred in holding that a deposit receipt and sales agreement executed by the parties was a legally enforceable contract; whether it was erroneous for the trial court to hold that Marguerite Morgan had complied with the terms of the contract; and whether the court erred in failing to hold that neither party was ready to complete the contract at the stipulated time. We affirm.

On October 5, 1978, Marguerite Morgan agreed to sell her land to Earl Hieber for the price of $95,000. The agreement was memorialized in a writing signed by both parties. The written agreement had been prepared by Mack Akins of Cox Real Estate Company of Vienna, Illinois. Hieber paid Morgan $9500 as a down payment.

The written agreement provides, in pertinent part, that "the seller, *on receiving* such payment at the time and in the manner above mentioned, shall at his own proper cost and expense execute, acknowledge, and deliver to buyer or to buyer's heirs or assigns a proper deed with usual covenants accompanied by an abstract or title insurance policy *evidencing marketable title* * * *." (Emphasis added.)

The agreement further provides that delivery of a contract for deed would occur on the day of closing and that if either party failed or neglected "to perform his part of this agreement he shall forthwith pay as liquidated damages to the other party a sum equal to ten percent of the agreed price of sale."

On October 9, 1978, Cox Real Estate Company mailed an abstract of title to John W. Yoder, attorney for Hieber. On October 12, 1978, Yoder wrote Cox Real Estate Company requesting a more detailed description of the land and on October 16, 1978, Akins mailed Yoder a deed with the description of the property as transferred to Morgan. On October 19, 1978, Yoder mailed Hieber and Cox Real Estate Company a title opinion, in which he stated that the title was not merchantable. A commitment for title insurance was subsequently issued by Chicago Title Insurance Company which indicated that a missing deed existed; however, an endorsement to the original policy was issued on November 9, 1978, deleting the missing deed exception. On November 15, 1978, Hieber indicated that he was unable to obtain financing, and Morgan agreed to extend the date of closing for 30 days. According to the testimony of Orlan Cox, of the Cox Real Estate Company, Hieber indicated on December 15, 1978, the extended closing date, that he was still unable to obtain financing and could not close the deal. Hieber did not make a demand for the contract for deed or the title.

Morgan died testate on August 18, 1979, and her will was admitted to probate on October 10, 1979. Hieber commenced the action below on October 31, 1979. The circuit court of Johnson County denied Hieber's claim on June 18, 1980. That court on July 7, 1980, denied Hieber's post-trial motion for a new trial or vacation of the original order. This appeal followed.

■■ ■ Appellant's first assertion of error is that the deposit receipt and sales agreement do not constitute a valid contract because the description of the property is too vague and therefore void for indefiniteness. The terms of the contract indicate that the description will be supplemented by the description in the deed. A contract for the sale of real estate is not void if extrinsic evidence will clarify the uncertainty. "It has been held that to satisfy the requirement of certainty in a real estate contract, 'that is certain which can be made certain.' (*Guyer v. Warren* (1898), 175 Ill. 328, 51 N.E. 580.)" (*Ashline v. Verble* (1977), 55 Ill. App. 3d 282, 284, 370 N.E.2d 613.) To establish that a contract for the sale of real estate is not void for indefiniteness, the trial court must be able to determine the parties' intent. (See *Ashline v. Verble* (1977), 55 Ill. App. 3d 282, 284; *Stevens v. Wilson* (1980), 86 Ill. App. 3d 1047, 1052, 408 N.E.2d 496.) Our review of the trial court's disposition of this issue is limited to whether the trial court had a basis for its determination consistent with the manifest weight of the evidence. (See *In re Estate of Netherton* (1978), 62 Ill. App. 3d 55, 57, 378 N.E.2d 800.) In view of the description in the deed, the trial court's determination that the intent of the parties was certain is amply supported by the evidence.

■■ Appellant also argues that to be valid and enforceable, a contract must be susceptible to specific performance. This court's decision in *Stevens v. Wilson* (1980), 86 Ill. App. 3d 1047, 1050-51, vitiates this argument and differentiates an action for specific performance from an action challenging the mere validity of a land sales contract.

■■ Appellant next raises the issue of Morgan's compliance with the terms of the contract. Specifically, appellant contends that Morgan owed a duty under the contract to furnish evidence of marketable title without respect to Hieber's payment of the purchase money. This is erroneous; the trial court could easily have found that the contractual language, reproduced above, did not give rise to a duty to transfer the deed or furnish evidence of marketable title until the purchase money had been received by Morgan. Further, Morgan owed no duty imposed by law to tender title before being paid. (See *Haas v. Cravatta* (1979), 71 Ill. App. 3d 325, 329, 389 N.E.2d 226.) Since Hieber failed to pay the purchase price, no duty to convey marketable title had arisen under the contract. Thus, appellant's reliance on *Swearingen v. Beyer* (1934), 275 Ill. App. 152, 157, is misplaced because the contract in that case involved mutual covenants where

neither party was obligated to perform before the other. The terms of the contract in the case *sub judice* are distinguishable in that payment by the purchaser is a clearly contemplated precondition to the seller's duty to furnish marketable title.

■■ Appellant's final contention is that the trial court erred in failing to hold that neither party was ready to complete the contract at the stipulated time. Apparently, appellant again relies on *Swearingen v. Beyer* for the proposition that evidence of merchantable title was a precondition to the seller's right to declare a forfeiture. As indicated above, the contract in the instant case differs from that in *Swearingen* in that, in the instant case, payment of the entire purchase price was the precondition to the transfer of deed. The rule governing our disposition of this issue was announced by our supreme court in *Christopher v. West* (1951), 409 Ill. 131, 98 N.E.2d 722.

> "[H]e who desires to *rescind* the contract need only show nonperformance or inability to perform by the other. * * *. If [the buyer] at the time of the attempted rescission had a right to rescind and was correct in his position as to any of the claimed defects in title, tender of performance by him then would be meaningless, for [the seller] on that date could produce no better abstract than the one he delivered to the purchaser * * *. If any claimed defect was such as to affect the merchantability of the title and one which was not *cured or curable within a reasonable* time as provided in the contract, no tender of the full purchase price was necessary. On the other hand, if the same was not material or was curable within a reasonable time, [buyer] had no correct basis in law for a rescission of the contract." (Emphasis added.) (*Christopher v. West* (1951), 409 Ill. 131, 136-37.)

The trial judge could easily have found from the evidence that any defects in Morgan's title were cured by her acquisition of the endorsed commitment for title insurance, and because time was not of the essence in this contract, that any defects were cured within a "reasonable time," under *Christopher*. "A contract for merchantable title protects the buyer only from such defects as would cause a prudent purchaser to be apprehensive of future trouble. It does not provide him with a defense in the form of technical and unsubstantial objections, permitting him to renounce * * * and escape liability." (*Wilfong v. W. A. Schickedanz Agency, Inc.* (1980), 85 Ill. App. 3d 333, 338, 406 N.E.2d 828.) Morgan procured title insurance when notified of Hieber's objection to the title. (See *Christopher v. West* (1951), 409 Ill. 131, 136.) Morgan took those steps reasonably necessary to correct the defects complained of by appellant. Therefore, no right of rescission existed in appellant's favor.

Likewise, appellant's claim for liquidated damages is dependent on a

determination that Morgan breached the contract. Since we have found that appellee owed no duty under the contract which could have been breached by a failure to tender marketable title before full payment of the purchase price, we therefore uphold the decision denying appellant liquidated damages under the contract.

Accordingly, the judgment of the circuit court of Johnson County is affirmed.

Affirmed.

KASSERMAN, P. J., and WELCH, J., concur.